Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# OPINION

No. 04-10-00294-CV

Ben **INGHAM** and Gerry Ingham,
Appellants

v.

Jeffrey P. **O'BLOCK**, Robert Page Shirtum, and Barbara Fran Shirtum,
Appellees

From the 63rd Judicial District Court, Edwards County, Texas
Trial Court No. 3671
Honorable Thomas F. Lee, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  July 27, 2011

AFFIRMED

Appellants Ben and Gerry Ingham appeal the trial court's judgment, which declares that

the respective properties of Appellees Jeffrey O'Block and Robert and Barbara Shirtum are not

burdened by an easement in favor of the Inghams.  The Inghams assert that the trial court erred

by failing to find an easement by estoppel, an easement by necessity, and an easement implied

from prior use.  We affirm the judgment of the trial court.

## BACKGROUND

All of the parties to this appeal own or lease adjacent lands in Edwards County. The Inghams own parcels of land immediately south of Texas Highway 55. The Shirtums own parcels immediately south and east of the Inghams' property, and O'Block owns parcels to the south of the Shirtums' and Inghams' property. The O'Block and Shirtum properties are collectively known as Hunt Ranch. Gerry Ingham owns several parcels south of Hunt Ranch that are collectively known as Espy Ranch, which Gerry Ingham leases to her son, Ben Ingham. Ben Ingham subleases Espy Ranch to deer hunters throughout the year.

Since at least the mid-1990s, Ben Ingham has used Hunt Road, which crosses over Hunt Ranch, to access Espy Ranch from the Inghams' northern property. Another roadway, the Mayfield Road, connects Espy Ranch to the Inghams' northern property. Mayfield Road begins on the west side of Espy Ranch and west of Hunt Road. From Espy Ranch, it progresses northwest through properties owned by the Inghams' relatives (the Mayfields). Mayfield Road is a dirt track that is rough and difficult to use. Although the Inghams can drive on Mayfield Road with a pickup truck to get from Espy Ranch to Highway 55, they have never been able to use the road for their livestock operations.



In 2007, O'Block blocked Ben Ingham's access to Hunt Road. O'Block and the Shirtums then filed suit to quiet title, seeking a declaration that the Inghams have no right of access through Hunt Ranch by way of Hunt Road. The Inghams counterclaimed to enjoin O'Block and the Shirtums from obstructing access to Hunt Road. After a bench trial, the trial court issued

findings of fact and conclusions of law and declared that Hunt Ranch is not burdened by an easement. The Inghams appeal.

## STANDARDS OF REVIEW

The Inghams challenge the trial court's failure to find an easement as unsupported by legally and factually sufficient evidence. The legal and factual sufficiency standards of review for jury findings apply to a trial court's express and implied findings of fact. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

### A.  Legal Sufficiency Standard

The Inghams concede that they had the burden of proving an easement at trial. "When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). We must first examine the record for evidence that a reasonable fact-finder would credit as supporting the finding while ignoring all evidence to the contrary unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Dow Chem.*, 46 S.W.3d at 241. "If there is no evidence to support the finding, [we] will then examine the entire record to determine if the contrary proposition is established as a matter of law." *Dow Chem.*, 46 S.W.3d at 241. "The point of error should be sustained only if the contrary proposition is conclusively established." *Id.*

### B.  Factual Sufficiency Standard

"When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem.*, 46 S.W.3d at 242. "[We]

must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id.* "In doing so, [we] must detail the evidence relevant to the issue and state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." *Id.* (internal quotation marks omitted).

## EASEMENT BY ESTOPPEL

"The doctrine of easement by estoppel holds that the owner of the alleged servient estate may be estopped to deny the existence of an easement by making representations that have been acted upon by the owner of the alleged dominant estate." *Holden v. Weidenfeller*, 929 S.W.2d 124, 131 (Tex. App.—San Antonio 1996, writ denied). "Three elements are necessary to the creation of an easement by estoppel: 1) a representation communicated, either by word or action, to the promisee; 2) the communication was believed; and 3) the promisee relied on the communication." *Id.* (citing *Storms v. Tuck*, 579 S.W.2d 447, 452 (Tex. 1979)). "These elements apply at the time the communication creating the alleged easement is made." *Id.* "An easement by estoppel, once created, is binding upon successors in title if reliance upon the existence of the easement continues." *Id.*

The Inghams base their claim to an easement by estoppel solely on an oral agreement between the prior owners of the Espy Ranch and the Hunt Ranch permitting the reciprocal use of each other's land for cattle operations. The Inghams argue that Ben Ingham believed he had a right to use Hunt Road because of this agreement and that he relied on it in making several improvements to Hunt Road. The trial court found that the prior owners of Hunt Ranch represented to the Inghams that they could use Hunt Road, but concluded, "It was not shown to

the satisfaction of the Court that any representation was made by word or action that the [Inghams] had the ***legal right*** to use the easement across 'Hunt Ranch.'" (emphasis added).

The only evidence relied on to establish the nature and contents of this reciprocal, oral agreement was the deposition of James Powell, the husband of Nancy Hunt, a prior owner of Hunt Ranch. Powell stated that a prior owner of Hunt Ranch, Bryan Hunt, had told him of an oral agreement he (Bryan Hunt) had with Ed Mayfield, a prior owner of Espy Ranch. According to Powell, Bryan Hunt and Ed Mayfield had agreed that they could use each other's property for the convenience of their respective ranching operations. Powell understood that the owners of Hunt Ranch could always revoke the Espy Ranch owners' permission to use the road if they misused the road or "abused" the property. He believed that the Espy Ranch owners had the same right to revoke the Hunt Ranch owners' ability to access lands once owned by Ed Mayfield. Powell also stated that he never treated this reciprocal agreement as a grant to the Espy Ranch owners' of a perpetual right to access the Hunt Ranch.

Ben Ingham testified that he was never aware of this reciprocal, oral agreement between Hunt and Mayfield. Furthermore, O'Block and Robert Shirtum testified that when they bought their respective properties, Ben Ingham approached and asked if they would allow him to use Hunt Road. O'Block testified that he gave Ben Ingham permission to cross his road because, at the time, the two had a very good relationship. Robert Shirtum testified that he initially objected to Ben Ingham's request to cross his land. He further testified that he finally agreed to let Ben Ingham and his hunters use Hunt Road as it crossed his property because Ben Ingham stated that the hunters would use the road only during hunting season, promised that he would maintain the road, and "begged" for permission because the money he made from the deer hunters comprised a substantial portion of his income.

The deposition testimony of James Powell describing the reciprocal agreement fails to conclusively establish an easement by estoppel. Rather, it supports the trial court's conclusion that no one ever represented to the Inghams or prior owners of Espy Ranch that the Espy Ranch owners had a legal right of access across Hunt Road. *See Martin v. Cockrell*, 335 S.W.3d 229, 238–41 (Tex. App.—Amarillo 2010, no pet.) (holding that a "gentlemen's agreement" or "friendly neighbourly permission" to use land does not support easement by estoppel). Moreover, O'Block's and Robert Shirtum's testimony that Ben Ingham requested their permission to use Hunt Road also supports that Ben Ingham did not believe he had a legal right to use Hunt Road as access to Espy Ranch. Based on the evidence, the Inghams simply have not carried their burden on appeal regarding their legal sufficiency challenge. *See City of Keller*, 168 S.W.3d at 827. Likewise, we cannot say that the trial court's failure to find an easement by estoppel, even in light of Ben Ingham's improvements to Hunt Road, "is so weak or . . . is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *See Dow Chem.*, 46 S.W.3d at 242. We therefore overrule the Inghams' sufficiency of the evidence issues regarding easement by estoppel.

### EASEMENT BY NECESSITY

Generally, an easement by necessity arises if: (1) there is unity of ownership when the owner severs the estates; (2) the roadway is necessary for access; and (3) the necessity existed at the time of severance. *See Koonce v. Brite Estate*, 663 S.W.2d 451, 452 (Tex. 1984); *Daniel v. Fox*, 917 S.W.2d 106, 110 (Tex. App.—San Antonio 1996, writ denied). "The way of necessity must be more than one of convenience. For, if the owner of the land can use another way, he cannot claim by implication to pass over land of another to get to his own." *Daniel*, 917 S.W.2d at 111.

The parties do not dispute unity of ownership. But in light of the Mayfield Road's extension from Highway 55 to Espy Ranch, they dispute whether the easement across Hunt Ranch is presently necessary for access and whether that necessity existed when the estates were severed. Because the Inghams do not contest the trial court's finding of December 3, 1922, as the date when the estates were severed, that date must be our reference for analyzing whether any necessity existed when the estates were severed.

The trial court concluded that the Inghams failed to prove by a preponderance of the evidence that either Hunt Road or Mayfield Road existed in 1922 or that either road opened up to (1) Highway 55, (2) another public road, or (3) to another easement that opened up to a public road. The trial court also found that a right of way was conveyed in 1934 for the construction of Highway 55. The Inghams concede that there is no evidence that Highway 55 or another public road existed in 1922. This lack of evidence of the necessity for which the easement exists would typically be fatal to an easement by necessity. However, the Inghams advance two arguments in support of necessity. The first argument is that we must presume that Hunt Road opened up to a public road because Mayfield Road also continues north from Espy Ranch and those using Mayfield Road must have been "going somewhere." The second is that there is no "public road requirement" for an easement by necessity and, thus, the Inghams are not required to prove that the easement through Hunt Road opened up to a public road.

We disagree with both points. The record does not support the first point because there was no evidence that Mayfield Road existed in 1922. Moreover, the Inghams cite no authority supporting a "road to somewhere" presumption. The second point is inconsistent with the fundamental purpose of an easement by necessity, which is to provide access to the dominant estate. *See, e.g.*, *Bains v. Parker*, 143 Tex. 57, 61, 182 S.W.2d 397, 399 (1944) (holding that the

fact that an easement by necessity over servient estate opened up to land owned by a third party did not defeat a claim to an easement by necessity over the servient estate because the dominant estate owner had permission to cross the third party's land to access a public road); *Benedictine Sisters of the Good Shepherd v. Ellison*, 956 S.W.2d 629, 633 (Tex. App.—San Antonio 1997, pet. denied) (holding that proof that easement by necessity would grant access to a public road is requisite to proving historical necessity). Thus, the Inghams have failed to carry their burden to conclusively prove historical necessity. Likewise, the trial court's failure to find an easement by necessity is not so against the great weight and preponderance of the evidence as to be clearly wrong. *See Dow Chem.*, 46 S.W.3d at 242. We accordingly overrule the Inghams' legal and factual sufficiency challenges regarding an easement by necessity.[1]

## EASEMENT IMPLIED FROM PRIOR USE

An easement may be implied from what "a grantor and grantee must have intended had they both given the obvious facts of the transaction proper consideration." *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 207 (Tex. 1962). An easement implied from prior use requires (1) unity of ownership of the dominant and servient estates when the estates are severed, and (2) that the dominant estate's use of the servient estate was continuous, apparent at the time the estates were severed, and necessary to the enjoyment of the land granted. *See Bickler v. Bickler*, 403 S.W.2d 354, 357 (Tex. 1966); *Daniel*, 917 S.W.2d at 110.

The Inghams argue that an easement across Hunt Ranch can be implied by the Espy Ranch owners' continual use of Hunt Road. The trial court found, and O'Block and the Shirtums do not contest, that by the late 1930s, Hunt Road was used to access Highway 55. The trial

---

[1] Because we hold that there is no evidence of a historical necessity, we need not address the parties' contentions as to whether the Inghams have a legal right of access on Mayfield Road to determine whether there is a continuing present necessity for an easement across Hunt Ranch. *See* TEX. R. APP. P. 47.1 (requiring our opinions to be as "brief as practicable" while addressing all issues "raised and necessary to final disposition of the appeal").

court, however, found that the Inghams failed to prove by a preponderance of the evidence that Hunt Road existed in 1922 when the estates were severed, a necessary requirement for an implied easement. Gerry Ingham testified that she and Ben Ingham had personally looked at all of the Espy Ranch lands for another road, and both Inghams testified that there was no plausible alternative path into Espy Ranch. However, they both admitted to having no personal knowledge as to whether a road existed in 1922. The Inghams' evidence does not conclusively establish that Hunt Road existed in 1922. At most, it suggests that if there was a road through Hunt Ranch to Espy Ranch in 1922, the best location would be where Hunt Road is now located. Because the Inghams failed to present any proof that Hunt Road was in existence, in use, and that the use was apparent, they have not carried their burden of conclusively establishing an easement implied from prior use. *See Bickler*, 403 S.W.2d at 357; *Daniel*, 917 S.W.2d at 110. Likewise, the trial court's failure to find an easement by implication is not so against the great weight and preponderance of the evidence as to be clearly wrong. *See Dow Chem.*, 46 S.W.3d at 242. We accordingly overrule the Inghams' issues pertaining to an easement implied from prior use.

## CONCLUSION

The Inghams failed to conclusively establish their right to an easement by estoppel, necessity, or implication. Moreover, the trial court's failure to find an easement is not so against the great weight and preponderance of the evidence as to be clearly wrong. We therefore affirm the judgment of the trial court.

Rebecca Simmons, Justice