

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00032-CV

Jim **RYMES**, Carol Rymes, Doug Vaughn, Betty Vaughn,
Joe Cramer, Patsy Cramer, and Frank Schultz,
Appellants

v.

**CARIBBEAN COWBOY, LLC** d/b/a Caribbean Cowboy RV Resort,
Appellee

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. CV-10-082
Honorable Stephen B. Ables, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  January 30, 2013

AFFIRMED

This appeal arises out of a dispute involving a Property Lease Contract ("Lease") which each of the appellants signed pertaining to lots at the Caribbean Cowboy RV Resort. The appellants contend the trial court erred in determining that the Leases did not violate the Statute of Frauds. The appellants also challenge the legal and factual sufficiency of the evidence to support various jury findings. We affirm the trial court's judgment.

## BACKGROUND

The appellants each entered into a Lease pertaining to a specific lot at the RV Resort. Caribbean Cowboy, LLC is listed as the "landlord" in each Lease, and the appellants are listed as the "lessee/tenant." The "premises" is identified as each appellant's specific site number in "the property known as Caribbean Cowboy RV Resort, located at 10965 FM 470, Tarpley, Bandera County, Texas 78883." The "term of the lease" is stated as the "lifetime of signatory lessees," and "Lease" is defined as "rental of site for lifetime use of signatories."

The language used in the Leases with regard to Caribbean Cowboy's agreement to lease varies. In the Lease signed by appellants Joe and Patsy Cramer, Caribbean Cowboy agrees to "Lease to Tenant the premises for the terms of their mortal lives and/or the lives of one heir." In the Lease signed by appellant Frank Schultz, Caribbean Cowboy agrees to "Lease to Tenant the premises for the terms of their mortal lives and/or the lives of their heirs." In the Lease signed by appellants Jim and Carol Rymes, Caribbean Cowboy agrees to "Lease to Tenant the premises for the terms of their mortal lives. Two heirs of the tenants (age 50 or over) may apply for a transfer of the lease at any time Lessee wants." The Lease signed by appellants Doug and Betty Vaughn contains the same language as the Rymes' lease, except the heirs may apply for a transfer of the lease "within 90 days of the death of the last surviving lease signatory."

The Leases also contain a termination provision which states, "This Lease shall be deemed 'terminated' either upon written notice of intent to vacate and terminate lease, abandonment of Premises, continued violation of the Rules and Regulations of Caribbean Cowboy RV resort and after notice by Landlord to cease such violation(s) and such violation(s) continue, or upon demise of Tenant." Appellants Jim and Patsy Cramer's Lease adds "or tenant's heir" at the end of the foregoing language.

The appellants eventually sued Caribbean Cowboy, alleging numerous causes of action. The trial court denied the appellants' motion for partial summary judgment which asserted that the Leases were void because they contained insufficient legal descriptions in violation of the Statute of Frauds. The case then proceeded to trial. Although the jury found in favor of the appellants on their negligent misrepresentation claim, the jury found no liability as to the appellants' remaining DTPA, fraud, and statutory fraud claims, with the exception of finding Caribbean Cowboy liable to appellants Doug and Betty Vaughan as to the DTPA claim. The jury awarded appellants Doug and Betty Vaughan $4,633.00 in damages, but awarded zero damages to the other appellants. The jury also awarded the appellants attorneys' fees in the amount of $12,576.00.

## STATUTE OF FRAUDS

In their first point of error, appellants assert the trial court erred in denying their motion for partial summary judgment because the legal descriptions in the Leases were insufficient as a matter of law, rendering the Leases void under the statute of frauds. The underlying cause, however, was tried on its merits after the trial court denied the motion for partial summary judgment. Under those circumstances, the order denying the summary judgment is not reviewable on appeal. *Reese v. Duncan*, 80 S.W.3d 650, 665 (Tex. App.—Dallas 2002, pet. denied); *Orozco v. Orozco*, 917 S.W.2d 70, 72 (Tex. App.—San Antonio 1996, writ denied). Accordingly, appellants' first point of error is overruled.

In their tenth point of error, appellants assert the trial court erred in denying their motion for judgment notwithstanding the verdict which asserted the jury's answer to question number 1 should be disregarded because the adequacy of the legal descriptions in the Leases was a question of law for the trial court to decide. In a jury trial, a complaint regarding an issue of law may be preserved through a motion for judgment notwithstanding the verdict. *See Ulico Cas.*

*Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 777 (Tex. 2008); *Berg v. Wilson*, 353 S.W.3d 166, 181 (Tex. App.—Texarkana 2011, pet. denied).

### A.      *Standard of Review*

"A trial court commits error if it submits a question of law to the jury." *Grohman v. Kahlig*, 318 S.W.3d 882, 887 (Tex. 2010). "However, the error is harmless if the jury answers the question of law correctly" or if the jury question can be deemed immaterial. *Id.* "A question is immaterial when it should not have been submitted" because "it calls for a finding beyond the province of the jury, such as a question of law." *Southeastern Pipe Line Co. v. Tichacek*, 997 S.W.2d 166, 172 (Tex. 1999).

### B.      *Submission of Question Regarding Legal Descriptions to Jury*

The sufficiency of a legal description in a lease is a question of law which a trial court should not submit to a jury. *See In re Estate of Garcia*, No. 04-06-00120-CV, 2007 WL 748651, at *1 (Tex. App.—San Antonio Mar. 14, 2007, pet. dism'd) (mem. op.); *Dixon v. Amoco Prod. Co.*, 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, pet. denied). In the instant case, the first question submitted to the jury asked whether the Leases were void because they contained insufficient legal descriptions. Therefore, the trial court erred in submitting the question to the jury; however, we must determine whether the error resulted in harm. *Grohman*, 318 S.W.3d at 887.

The appellants' complaint with regard to the Leases being void based on insufficient legal descriptions hinges on the Leases being subject to the Statute of Frauds. *Dunworth Real Estate Co. v. Chavez Properties*, No. 04-07-00237-CV, 2008 WL 36222, at *4 (Tex. App.—San Antonio Jan 2, 2008, no pet.) (mem. op.) ("a sufficient legal description is required by the Statute of Frauds"). If the Leases are not subject to the Statute of Frauds, the question submitted to the

jury regarding the legal descriptions would be immaterial.  *Southeastern Pipe Line Co.*, 997 S.W.2d at 172.

            *C.*        *Does the Statute of Frauds Require the Leases to be in Writing?*

Whether an agreement falls within the Statute of Frauds is a question of law.  *Biko v. Siemens Corp.*, 246 S.W.3d 148, 159 (Tex. App.—Dallas 2007, pet. denied); *Tabrizi v. Daz-Rez Corp.*, 153 S.W.3d 63, 66 (Tex. App.—San Antonio 2004, no writ).  A lease of real estate for a term longer than one year is an agreement that falls within the Statute of Frauds.  TEX. BUS. & COM. CODE ANN. § 26.01(b)(5) (West 2009).  In this case, the terms of the Leases were for the life of the tenants and, in some leases, the life of the tenants and the tenants' heirs.  Accordingly, the question becomes whether the terms of the Leases are considered to be a term longer than one year.

The Texas Supreme Court has addressed this issue in *Wright v. Donaubauer*, 154 S.W.2d 637 (Tex. 1941).  In that case, the parties entered into an agreement providing that a note would be paid over a period of time but also would be paid in full upon the death of the holder of the note.  *Wright*, 154 S.W.2d at 638.  In holding that the Statute of Frauds was inapplicable, the court reasoned:

> By the terms of the contract, same would be terminated by the death of Leonards [the holder of the note], which might have occurred at any time after the making of the contract.  This contingency might have happended [sic] in less than a year after the making of the contract, and on its happening would have terminated the contract.  To condemn a contract as violating the Statute of Frauds, it must appear from the agreement itself that it is not to be performed within a year after its execution.  This contract carries no such provision.  Therefore such contract, under the decisions of this Court did not violate [the Statute of Frauds].

*Id*. at 639.  The court subsequently reaffirmed its holding in *Wright* in a later case, stating that the Statute of Frauds has no application to an agreement for employment during the term of a man's life.  *Gilliam v. Kouchoucos*, 340 S.W.2d 27, 28 (Tex. 1960); *see also Monasco v. Gilmer*

*Boating & Fishing Club*, 339 S.W.3d 828, 839 (Tex. App.—Texarkana 2011, no pet.) ("Agreements to last during the lifetime of one of the parties do not require a signed writing because the party on whose life the duration of the contract is measured could die within a year of the agreement's making."); *Young v. Ward*, 917 S.W.2d 506, 510 (Tex. App.—Waco 1996, no writ) (same); *but see Royle v. Tyler Pipe Indus., Inc.*, 6 S.W.3d 593, 595 (Tex. App.—Tyler 1999, pet. denied) (holding "when an oral contract for lifetime employment is made, the understanding and intention of the parties is for the term of such a contract to last beyond one year"); *Massey v. Houston Baptist Univ.*, 902 S.W.2d 81, 84 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (promise of lifetime employment must be reduced to writing).

In the context of real estate leases, at least two courts have addressed whether a lease for a life term must be in writing. In *Betts v. Betts*, 220 S.W. 575, 576 (Tex. Civ. App.—Texarkana 1920, no writ), the court held that a lease of land for a life term "was not unconditionally for a longer time than one year, for appellant might have died within the year." Similarly, in *McLoud v. Knapp*, 507 S.W.2d 644, 648–49 (Tex. Civ. App.—Dallas 1974, no writ), the court held that an oral contract for a lifetime tenancy was not required to be in writing "since the contingency of death of appellant within the period of one year negates the fact of a lease for a term of more than one year." Based on these authorities, we hold that the Leases were not for terms longer than one year since the contingency of the death of the appellants or the death of the appellants and/or their heirs could occur within a year of the signing of the Leases. Therefore, because the Leases were not subject to the Statute of Frauds, the question submitted to the jury regarding the legal descriptions contained in the Leases is immaterial, making its erroneous submission to the jury harmless. *See Grohman*, 318 S.W.3d at 887.

**SUFFICIENCY OF THE EVIDENCE**

In their second through ninth points of error, the appellants challenge the sufficiency of the evidence to support various jury findings on causes of action on which the appellants bore the burden of proof. In their eleventh point of error, the appellants contend the trial court erred in denying their motion for new trial also based on sufficiency of the evidence. The only argument made under the appellant's eleventh point of error is that the "jury ignored four (4) days of testimony about the untruthful representations made to coerce Appellants to enter into the lifetime lease contracts." This argument is the same argument made in their points of error specifically challenging the sufficiency of the evidence as to each of their causes of action; therefore, we collectively address all of these points of error in addressing the sufficiency of the evidence.

*A.      Standard of Review*

"When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *see also Ingham v. O'Block*, 351 S.W.3d 96, 100 (Tex. App.—San Antonio 2011, pet. denied). "We must first examine the record for evidence that a reasonable fact-finder would credit as supporting the finding while ignoring all evidence to the contrary unless a reasonable fact-finder could not." *Ingham*, 351 S.W.3d at 100 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)); *Dow Chem. Co.*, 46 S.W.3d at 241. "If there is no evidence to support the finding, [we] will then examine the entire record to determine if the contrary proposition is established as a matter of law." *Dow Chem. Co.*, 46 S.W.3d at 241; *see also Ingham*, 351 S.W.3d at 100. "The point of error should be sustained only if the contrary

proposition is conclusively established." *Dow Chem. Co.*, 46 S.W.3d at 241; *see also Ingham*, 351 S.W.3d at 100.

"When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem. Co.*, 46 S.W.3d at 242; *see also Ingham*, 351 S.W.3d at 100. "[We] must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Dow Chem. Co.*, 46 S.W.3d at 242; *see also Ingham*, 351 S.W.3d at 100.

> B.     *Elements of Claims*

"The DTPA grants consumers a cause of action for false, misleading, or deceptive acts or practices." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996); TEX. BUS. & COM. CODE ANN. § 17.50(a)(1) (West 2011). In order to prevail on a DTPA claim, a consumer must establish that the defendant violated a specific provision of the DTPA, and that the violation was a producing cause of the consumer's injury. *Amstadt*, 919 S.W.2d at 649. In this case, the jury was asked whether "Caribbean Cowboy engage[d] in any false, misleading or deceptive act or practice that the Plaintiffs relied on to his/her detriment and that was a producing cause of damages to any Plaintiff."

The elements of a claim for fraud are: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001); *In re Guardianship of Patlan*, 350

S.W.3d 189, 198 (Tex. App.—San Antonio 2011, no pet.). The elements of statutory fraud are essentially identical to the elements of common law fraud except the transaction must involve real estate or stock and the plaintiff is not required to prove that the defendant made the misrepresentation with knowledge of its falsity or recklessly without any knowledge of the truth. *Lindley v. McKnight*, 349 S.W.3d 113, 128 (Tex. App.—Fort Worth 2011, no pet.); *Jones v. Thompson*, 338 S.W.3d 573, 584 (Tex. App.—El Paso 2010, pet. denied). The jury in the instant case was properly instructed with regard to the elements of fraud and statutory fraud.

        *C.*      *Sufficiency of Evidence as to Liability*

Appellants contend the evidence was contrary to the jury's answers as to their DTPA, fraud, and statutory fraud claims because misrepresentations were made regarding: (1) whether they were purchasing or leasing the lots and the ability of their heirs to inherit the lots; (2) the size of the lots; and (3) the availability of wi-fi service.

With regard to the rights conveyed to the lots and the ability to transfer the lots to heirs, the Leases expressly state that the arrangement is a lease transaction and that the term of the lease is for the life of the lessees. The Leases also contain express provisions regarding the rights of heirs. Finally, the Leases expressly state the circumstances under which they can be terminated.

A party cannot justifiably rely on an oral representation that directly contradicts the express terms of the parties' written agreement. *Rinard v. Bank of America*, 349 S.W.3d 148, 153 (Tex. App.—El Paso 2011, no pet.); *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). This principle is dictated by policy and practical considerations. *DRC Parts & Accessories, L.L.C.*, 112 S.W.3d at 858. "If written contracts are to serve a purpose under the law, relative to oral agreements [or representations], it is to provide greater certainty regarding what the terms of the transaction are

and that those terms will be binding, thereby lessening the potential for error, misfortune, and dispute." *Id.* Because the Leases expressly state the terms of the lease transaction and the rights of the heirs, the evidence failed to establish that the appellants relied on any oral representation regarding ownership of the lots or the inheritance rights of the lessees' heirs.

Similarly, the testimony was conflicting as to whether any representations were made with regard to lot size. Anita Carol Hall, one of the owners of the RV Resort, testified that she and her husband informed the appellants that lot sizes were approximations. This testimony is consistent with the Rules, Regulations and Guidelines for Caribbean Cowboy RV Resort. Although the appellants stated they were not given a copy of these Rules before signing the Leases, the Leases expressly refer to the Rules and to a copy being provided to the lessees. Although the Rules give an approximate dimension for a standard lot, the Rules also state, "Lots do vary in size at the resort and setbacks apply to each lot regardless of size or shape." Given the conflicting testimony, the jury could have found that no representation was made with regard to lot size.

Finally, the evidence was conflicting with regard to the availability of wi-fi service. The provider who installed the wi-fi service testified that it worked, as did several lifetime lessees who were not plaintiffs in the lawsuit. Although the appellants testified to the contrary, the jury could have rejected their testimony and found that wi-fi service was made available.

Having reviewed the record, we conclude the evidence is legally and factually sufficient to support the jury's findings as to appellants' DTPA, fraud, and statutory fraud claims.

D.      *Sufficiency of the Evidence as to Damages*

"The jury has discretion to award damages within the range of evidence presented at trial." *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 566 (Tex. 2002). "The jury's findings may not be set aside merely because its reasoning in arriving at the amount of damages is unclear."

*Vela v. Wagner & Brown, Ltd.*, 203 S.W.3d 37, 49 (Tex. App.—San Antonio 2006, no pet.). When the evidence presented at trial supports a range of damage awards, "an award within that range is an appropriate exercise of the jury's discretion, and the reviewing court is not permitted to speculate on how the jury actually arrived at its award. *Id.*

In the instant case, the only evidence of damages presented was the amount each of the appellants paid for their lease, and the amount each of the appellants paid for their improvements. Accordingly, the evidence presented a range of damages from zero to the total amount paid by each of the appellants.

The appellants argue that the evidence is insufficient to support the jury's zero damage award because all of the appellants relied on the same representations. Appellants' contention ignores that, unlike the other appellants, the evidence showed that Caribbean Cowboy failed to disclose that leach lines for a septic system had been placed beneath the lot leased by the Vaughns. Testimony also was introduced regarding the smell that sometimes emanated from the leach lines, disrupting the Vaughns' use of their outdoor deck. Although the jury refused to find that the Vaughns were entitled to recover the full amount paid for the lease and their improvements, the jury's award of $4,633.00 was within the range of damages the jury could award. Moreover, because the failure to disclose the leach lines was unique to the Vaughns, the jury's finding that the remaining appellants were not entitled to recover any damages is not inconsistent with the evidence presented. Although the jury did find that Caribbean Cowboy made a negligent misrepresentation to the appellants, the jury could have found that the negligent misrepresentation did not result in any of the damages appellants claimed were established by the evidence. For example, from the evidence presented, the jury could have found that Caribbean Cowboy negligently misrepresented that the fitness facilities would be open 24/7 since the evidence established that the hours were subsequently shortened. Since no evidence was

presented regarding the damages that resulted to the appellants from the shortening of the hours, it would be within the jury's province to award zero damages.

   *E.   Sufficiency of the Evidence as to Attorneys' Fees*

  With regard to attorneys' fees, appellants argue that they were entitled to recover attorneys' fees based on their DTPA and statutory fraud claims. This court, however, has upheld the jury's findings that appellants were not entitled to recover on these claims with the exception of appellants Doug and Betty Vaughn. Therefore, the jury's limited award of attorneys' fees is supported by sufficient evidence based on: (1) the limited damages the jury awarded to the Vaughns on their DTPA claim; and (2) the jury's rejection of all other DTPA and statutory fraud claims.

## MOTION IN LIMINE

  In their final point of error, the appellants assert the trial court erred in allowing testimony in contravention of appellants' motion in limine. The motion in limine requested a ruling by the trial court before any mention was made "that any Plaintiff or witness is rich or poor, which is not relevant and is prejudicial." The complaint, made at the time the evidence in question was introduced, was that the trial court previously ruled on the motion in limine and "he is back dooring the motion in limine."

  A trial court's ruling on a motion in limine does not preserve error. *Boulle v. Boulle*, 254 S.W.3d 701, 709 (Tex. App.—Dallas 2008, no pet.). Instead, the party must object at trial and offer the basis for the exclusion of the evidence in order to preserve error on appeal. *Id.* Appellants' objection that the admission of the evidence would "back door" the ruling on the motion in limine is not a proper objection. Moreover, the focus of the cross-examination was on the witness's prior business experience with contracts, not on the witness's financial status, and

the witness's experience with contracts was relevant to his review and execution of his Lease. Appellants' twelfth point of error is overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice