

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00644-CV

**HYBISCUS FOOD INC.** and Sanjiv Chandan, Individually,
Appellants

v.

Atul **SARASWAT**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-03159
Honorable Laura Salinas,[1] Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  November 6, 2013

AFFIRMED

Appellants Hybiscus Food, Inc. and Sanjiv Chandan were sued by Appellee Atul Saraswat for breach of contract and multiple torts over a sale of HFI stock shares to Saraswat. After a bench trial, the court awarded Saraswat a "lump sum monetary amount of $54,811.00." Neither party requested findings of fact, and the trial court did not state how it calculated damages. Appellants claim the evidence is legally and factually insufficient. We affirm the trial court's judgment.

---

[1] The Honorable Martha Tanner presided at the trial and signed the final judgment.

## BACKGROUND

This case concerns the sale of shares in a corporation that owns a convenience store in Waelder, Texas. Appellant Sanjiv Chandan is the president and sole shareholder of Hybiscus Food, Inc. (HFI). HFI owns the Hybiscus Food Mart d/b/a The Right Choice Food Mart #8 in Waelder, Gonzales County, Texas. Chandan is also an owner in several other business entities.

Atul Saraswat worked at a San Antonio convenience store controlled by Chandan. According to Saraswat, in early 2006 Chandan invited him to purchase shares in HFI—which owned the Waelder store. Chandan created HFI, and it purchased the Waelder store's assets and operations, but not the realty, from a third party. Saraswat contends he paid Chandan, or one of the entities that Chandan controls, more than $150,000 to purchase shares in HFI, but Chandan never delivered the stock certificates. It is undisputed that Chandan never delivered the stock certificates to Saraswat.

Saraswat sued Chandan and HFI for breach of contract, common-law fraud, and other torts. The case was tried to the bench.[2] Saraswat's evidence included cancelled checks, cash deposit receipts, and product purchase receipts. Saraswat testified that Chandan accepted the payments towards Saraswat's purchase of HFI shares, but Chandan refused to deliver the stock certificates.

The trial court did not make findings of fact or conclusions of law, but the appellate record contains a statement of facts. The court awarded Saraswat $54,811.00 as a "lump sum monetary amount," post-judgment interest, and $394.00 in court costs.

---

[2] The parties tried two cases at the same time: Jessica Elizondo was the plaintiff in cause number 2007CI008478; Atul Saraswat was the plaintiff in cause number 2007CI03159. This appeal is limited to the parties and issues in Saraswat's case.

**A.      Parties' Arguments**

Appellants argue that the evidence is legally and factually insufficient to support any of Saraswat's causes of action. Appellants' principal complaint is the alleged payments were made to various entities, and they amount to *no* evidence of *any* purchase money being paid to Chandan or HFI. Appellants also contend the evidence is legally and factually insufficient to support the judgment because no combination of cancelled checks, cash deposit receipts, or product purchase receipts equals the damages the trial court awarded.

Saraswat contends the cancelled checks, cash deposit receipts, and product purchase receipts show he fulfilled his obligation to pay HFI for the stock shares based on Chandan's promise.

APPLICABLE LAW

"'In a nonjury trial, where no findings of fact or conclusions of law are filed or requested, it will be implied that the trial court made all the necessary findings to support its judgment.'" *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992) (quoting *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980)); *accord Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). An appellate court must affirm the trial court's judgment "if it can be upheld on any legal theory that finds support in the [pleadings and the] evidence." *See Worford*, 801 S.W.2d at 109; *see also* TEX. R. CIV. P. 301; *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) (requiring a trial court's judgment to be supported by the pleadings). A trial court may not award an amount that is not supported by the pleadings and the evidence, but it may award an amount less than the maximum amount pled. *Cf. First State Bank v. Keilman*, 851 S.W.2d 914, 930 (Tex. App.—Austin 1993, writ denied); *David McDavid Pontiac, Inc. v. Nix*, 681 S.W.2d 831, 837 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

**STANDARD OF REVIEW**

For a bench trial where no findings of fact or conclusions of law are requested or filed, but a reporter's record is filed, an appellant may challenge the legal and factual sufficiency of the implied findings. *Heine*, 835 S.W.2d at 83–84; *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam). We conduct the sufficiency reviews using the same standards applicable to a jury's findings. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *Roberson*, 768 S.W.2d at 281.

In our review of the legal sufficiency of the implied findings, we credit favorable evidence that a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Ingham v. O'Block*, 351 S.W.3d 96, 100 (Tex. App.—San Antonio 2011, pet. denied). "[I]f there is more than a scintilla of evidence to support the finding, the no evidence challenge fails." *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *accord Heine*, 835 S.W.2d at 84.

We review the factual sufficiency of the findings by considering all the evidence. *Ortiz*, 917 S.W.2d at 772; *Flying J Inc. v. Meda, Inc.*, 373 S.W.3d 680, 690–91 (Tex. App.—San Antonio 2012, no pet.). If the appellant did not have the burden of proof on the challenged issue, the appellant must show the allegedly insufficient evidence supporting the implied finding was "so against the great weight and preponderance of the [other] evidence as to be clearly wrong and unjust." *See Ortiz*, 917 S.W.2d at 772; *Flying J Inc.*, 373 S.W.3d at 690–91.

**ANALYSIS**

The trial court awarded Saraswat a "lump sum monetary amount of $54,811.00," post-judgment interest, and $394.00 in court costs. The judgment does not state the precise formula the trial court used to calculate damages. However, if the pleadings and the evidence support the judgment and the evidence is legally and factually sufficient to support the implied findings for

any of the causes of action pled, we must affirm the judgment. *See Worford*, 801 S.W.2d at 109; *see also* TEX. R. CIV. P. 301; *Cunningham*, 660 S.W.2d at 813.

Saraswat pled multiple causes of action including breach of contract, common-law fraud, and other tort claims. He prayed for exemplary damages, attorney's fees, costs, and pre- and post-judgment interest. We first address the sufficiency of the evidence for common-law fraud.

## A.  Common-Law Fraud

To prevail on his claim that Chandan and HFI committed common-law fraud, Saraswat had to prove the following by a preponderance of the evidence:

(1) Chandan made a false material representation to him that Chandan knew was false when he made it,

(2) Chandan made it with the intention that Saraswat act upon it,

(3) Saraswat justifiably relied on Chandan's representation, and

(4) Saraswat suffered damage because of it.

*See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992); *accord Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). Chandan's intent at the time he made a representation to Saraswat was a question of fact for the trial court to resolve. *See Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986); *Matlock Place Apartments, L.P. v. Druce*, 369 S.W.3d 355, 377 (Tex. App.—Fort Worth 2012, pet. denied). The trial court was free to infer Chandan's intent at the time he made the promise to sell the interest in HFI from the circumstantial evidence including Chandan's "subsequent acts after the representation [was] made." *See Spoljaric*, 708 S.W.2d at 434; *Yeldell v. Goren*, 80 S.W.3d 634, 637 (Tex. App.—Dallas 2002, no pet.).

## B.  Saraswat's Evidence

Saraswat testified that Chandan promised to sell him shares in HFI—which then owned the Waelder store's assets (but not the realty) and controlled its operations—for $150,000.00. He

testified that he paid Chandan, either directly or indirectly, more than $150,000.00. Saraswat offered evidence of cancelled checks, cash deposit receipts, and product purchase receipts to show that he paid HFI as agreed. An October 2, 2006 contract for sale of the Waelder store that was signed by both Saraswat and Chandan (as president of HFI) was admitted without objection. Saraswat testified that he suffered damage because he paid Chandan and HFI but did not receive the HFI stock certificates or control of the Waelder store as promised.

### C. Appellants' Evidence

Chandan testified he is the sole shareholder in HFI—which owns the Waelder convenience store. Chandan acknowledged that Saraswat wanted to buy the Waelder store, and they agreed on a sale price of $150,000.00. Chandan disputed Saraswat's testimony regarding payments for the Waelder store; he testified that Saraswat failed to pay HFI as agreed.

### D. Legal Sufficiency of Implied Findings

If there is more than a scintilla of evidence to support the trial court's implied finding of common-law fraud, Appellants' legal sufficiency challenge must fail. *See BMC Software Belgium*, 83 S.W.3d at 795; *Ingham*, 351 S.W.3d at 100. Saraswat testified and presented evidence for each of the essential elements of common-law fraud. *See T.O. Stanley Boot Co.*, 847 S.W.2d 218 at 222 (fraud elements). He testified that Chandan, who was HFI's president and sole shareholder, intentionally and falsely promised to sell him shares in HFI. He testified that he relied on Chandan's promise, paid Chandan and HFI as agreed, and was damaged by Appellants' failure to transfer the stock shares. *See id.*; *Spoljaric*, 708 S.W.2d at 434; *Yeldell*, 80 S.W.3d at 637.

Viewing the evidence in the light favorable to the judgment, and implying necessary findings to support the judgment, we conclude there is more than a scintilla of evidence on each essential element of common-law fraud. *See Regal Fin. Co., Ltd. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 603 (Tex. 2010); *City of Keller*, 168 S.W.3d at 827. Therefore, the evidence was

legally sufficient to support the trial court's implied finding that Appellants committed common-law fraud. *See BMC Software Belgium*, 83 S.W.3d at 795; *Ingham*, 351 S.W.3d at 100.

**E.  Factual Sufficiency of Implied Findings**

As the fact-finder, the trial court was free to weigh the evidence, to evaluate the witnesses, and to believe Saraswat and disbelieve Chandan. *See Intec Sys., Inc. v. Lowrey*, 230 S.W.3d 913, 920 (Tex. App.—Dallas 2007, no pet.); *Nathan A. Watson Co. v. Emp'rs Mut. Cas. Co.*, 218 S.W.3d 797, 801 (Tex. App.—Fort Worth 2007, no pet.). The trial court could have reasonably believed Saraswat and found that Chandan made a false material representation when he promised to sell Saraswat shares in HFI and an interest in the Waelder store. *See Nathan A. Watson Co.*, 218 S.W.3d at 801. It could have reasonably believed that Chandan intentionally and falsely promised to sell the HFI stock shares so that Saraswat would rely on the promise and make payments to Chandan and HFI toward the purchase. *See id.* It also could have reasonably believed Saraswat's testimony that he suffered damage from his reliance on Chandan's promise. *See id.*

Having reviewed all the evidence, we conclude that the evidence supporting an implied finding that Appellants committed common-law fraud is not "so against the great weight and preponderance of the evidence as to be clearly wrong and unjust." *See Ortiz*, 917 S.W.2d at 772; *Flying J Inc.*, 373 S.W.3d at 690–91. The evidence is factually sufficient on each element of common-law fraud and supports the trial court's judgment.

**F.  Unsupportable Judgment Amount**

Appellants complain that no combination of cancelled checks, cash deposit receipts, and product purchase receipts adds up to the amount the trial court awarded to Saraswat. Citing *Keilman*, Appellants contend we must reverse the trial court's judgment because it is "picked out of thin air" and not supported by the evidence at trial. *See First State Bank v. Keilman*, 851 S.W.2d

914, 931 (Tex. App.—Austin 1993, writ denied). But Appellant's cited proposition in *Keilman* is distinguishable.

In *Keilman*, the jury was presented with two mutually exclusive and collectively exhaustive bases for determining the amount of unauthorized interest charged to the borrowers. *Id.* at 929–31. If the jury believed the borrowers' evidence, the unauthorized interest amount was $7,161.44. *Id.* at 931. If the jury believed the bank, the unauthorized interest amount was $0.00. *Id.* The jury found the unauthorized interest amount to be $360.00. *Id.* The *Keilman* court concluded that the jury could have chosen either amount supported by the evidence, $7,161.44 or $0.00, but could not arbitrarily select another amount because the evidence supported only one of the two choices. *Id.*

But *Keilman* presents another proposition that is applicable: "As a general rule, the trier-of-fact has broad discretion in assessing damages where the law provides no precise legal measure, and the [fact-finder]'s findings will not be disregarded merely because the [fact-finder]'s reasoning in arriving at its figures may be unclear." *See id.* at 930; *accord David McDavid Pontiac, Inc. v. Nix*, 681 S.W.2d 831, 837 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

Here, the trial court received evidence on Saraswat's breach of contract claim and his multitude of tort claims. It considered evidence of approximately eighteen separate transactions (e.g., cancelled checks) that Saraswat contended showed his payments to Appellants. The trial court was free to believe that some of the transactions were payments towards purchasing HFI shares, and others, such as the cash deposits and products purchases, were either partially or entirely used for other purposes. *See Intec Sys.*, 230 S.W.3d at 920; *Nathan A. Watson Co.*, 218 S.W.3d at 801.

Although the judgment does not state the precise formula the trial court used to calculate damages, the award was less than the amount for which there was some legally and factually

sufficient evidence. *See Keilman*, 851 S.W.2d at 931; *Nix*, 681 S.W.2d at 837 ("As a general rule, a reviewing court will not interfere with a [fact-finder]'s determination of the amount to award as damages if there is any probative evidence to sustain the award."). We conclude that the judgment's lump-sum amount was not "picked out of thin air"; it was supported by legally and factually sufficient probative evidence. *Cf. Keilman*, 851 S.W.2d at 931; *Nix*, 681 S.W.2d at 837.

## CONCLUSION

Having reviewed the evidence under the required standards of review, we conclude that the evidence is legally and factually sufficient to support an implied finding that Chandan and HFI committed common-law fraud against Saraswat. Because the evidence is legally and factually sufficient for one of the causes of action Saraswat pled, we need not analyze the others. *See Worford*, 801 S.W.2d at 109 ("The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence."). Therefore, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice