

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00727-CV

Enjoli **WYNN**,
Appellant

v.

**SILVER OAKS APARTMENTS, LTD.**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 380959
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
        Marialyn Barnard, Justice
        Rebeca C. Martinez, Justice

Delivered and Filed:  January 8, 2014

AFFIRMED

Silver Oaks Apartments, Ltd. sued a former tenant, Enjoli Wynn, for unpaid rent and attorney's fees. The trial court held a bench trial, and rendered judgment against Wynn for $3,185.00 in unpaid rent and $750.00 in attorney's fees. No findings of fact were requested. On appeal, Wynn argues the trial court erred in calculating the amount of unpaid rent. Wynn further argues the trial court erred in failing to find that Silver Oaks Apartments violated a statute pertaining to a landlord's duty to repair or remedy conditions and a statute prohibiting retaliation

by a landlord against a tenant. We overrule all of Wynn's issues and affirm the trial court's judgment.

## STANDARD OF REVIEW

When no findings of fact are requested, the trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984). In the absence of express findings of fact, it is implied that the trial court made all necessary findings to support its judgment. *Worford*, 801 S.W.2d at 109; *W.E.R.*, 669 S.W.2d at 717. If a reporter's record is filed, implied findings may be challenged for legal and factual sufficiency. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989).

In reviewing the legal sufficiency of implied findings, we credit favorable evidence that a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Ingham v. O'Block*, 351 S.W.3d 96, 100 (Tex. App.—San Antonio 2011, pet denied). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Heine*, 835 S.W.2d at 84.

In reviewing the factual sufficiency of implied findings, we consider all of the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Flying J Inc. v. Meda, Inc.*, 373 S.W.3d 680, 690-91 (Tex. App.—San Antonio 2012, no pet.). We may overturn the trial court's findings only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz*, 917 S.W.2d at 772; *see Flying J Inc.*, 373 S.W.3d at 690-91.

## CALCULATING UNPAID RENT

In her first issue, Wynn argues the trial court erred in calculating the amount of unpaid rent. We construe this argument as a challenge to the legal and factual sufficiency of the evidence. In making her argument, Wynn refers to documents outside of the record. However, in conducting our review, we consider only the evidence admitted at trial.

At trial, an assistant manager testified that Wynn owed Silver Oaks Apartments $3,185.00 for unpaid rent. According to the assistant manager, Wynn, who was a month-to-month tenant, was obligated to pay $839.00 per month in rent. Wynn did not pay her rent for June, July, August, and September 2012; however, Wynn moved out in September and turned in her keys before the end of the month. Silver Oaks Apartments therefore prorated Wynn's rent for September based on the date Wynn turned in her keys. Although Wynn testified at trial, she did not controvert the assistant manager's calculations of her unpaid rent. The trial court rendered judgment in the amount of $3,185.00 for unpaid rent. We conclude the evidence is legally and factually sufficient to support the trial court's judgment for unpaid rent. Wynn's first issue is overruled.

## SECTIONS 92.052 AND 92.056

In her second issue, Wynn argues the trial court erred by not finding that Silver Oaks Apartments breached the implied warranty of habitability. The only applicable authority cited by Wynn is section 92.052(a) of the Texas property code.[1] *See* TEX. PROP. CODE ANN. § 92.052(a) (West 2007) (establishing a landlord's duty to repair or remedy a condition). Section 92.052(a) provides:

A landlord shall make a diligent effort to repair or remedy a condition if:

(1) the tenant specifies the condition in a notice to the person to whom or to the place where rent is normally paid;

---

[1]Wynn also cites two California cases.

(2) the tenant is not delinquent in the payment of rent at the time notice is given; and

(3) the condition:

(A) materially affects the physical health or safety of an ordinary tenant; or

(B) arises from the landlord's failure to provide and maintain in good operating condition a device to supply hot water of a minimum temperature of 120 degrees Fahrenheit.

TEX. PROP. CODE ANN. § 92.052(a). Although not cited by Wynn, section 92.056(b) provides:

A landlord is liable to a tenant as provided by this subchapter if:

(1) the tenant has given the landlord notice to repair or remedy a condition by giving that notice to the person to whom or to the place where the tenant's rent is normally paid;

(2) the condition materially affects the physical health or safety of an ordinary tenant;

(3) the tenant has given the landlord a subsequent written notice to repair or remedy the condition after a reasonable time to repair or remedy the condition following the notice given under Subdivision (1) or the tenant has given the notice under Subdivision (1) by sending that notice by certified mail, return receipt requested, or by registered mail;

(4) the landlord has had a reasonable time to repair or remedy the condition after the landlord received the tenant's notice under Subdivision (1) and, if applicable, the tenant's subsequent notice under Subdivision (3);

(5) the landlord has not made a diligent effort to repair or remedy the condition after the landlord received the tenant's notice under Subdivision (1) and, if applicable, the tenant's notice under Subdivision (3); and

(6) the tenant was not delinquent in the payment of rent at the time any notice required by this subsection was given.

TEX. PROP. CODE ANN. § 92.056(b) (West 2007).

At trial, Wynn testified generally about problems she had with the apartment and her efforts to notify Silver Oaks Apartments of these problems. Wynn, however, failed to establish the requirements set forth in section 92.056(b). *See id.*; TEX. PROP. CODE ANN. § 92.053 (West 2007)

(providing a tenant generally has the burden to enforce a right resulting from the landlord's failure to repair or remedy a condition). Wynn's second issue is overruled.

### SECTION 92.331

In her third issue, Wynn argues the trial court erred in failing to find that Silver Oaks Apartments retaliated against her as prohibited by section 92.331 of the Texas property code. *See* TEX. PROP. CODE ANN. § 92.331 (West 2007) (prohibiting a landlord from retaliating against a tenant who exercises a right or remedy granted by law). Wynn, however, did not plead a claim under section 92.331. Nor did she present evidence at trial establishing a claim under section 92.331. Wynn's third issue is overruled.

### ATTORNEY'S FEES

In her fourth issue, Wynn argues that, if she prevails on her other issues, the attorney's fees awarded by the trial court should be reversed. As previously explained, Wynn did not prevail on her other issues. Wynn's fourth issue is overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice