# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2014

Lyle W. Cayce
Clerk

No. 13-20644

WHY NADA CRUZ, L.L.C., also known as Why Not Cruise; GREG
ANDERSON,

Plaintiffs – Appellants

v.

ACE AMERICAN INSURANCE COMPANY,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3353

Before KING, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants Why Nada Cruz, L.L.C. and Greg Anderson appeal the judgment of the district court confirming an arbitration award. They contend that the arbitrator violated the Federal Arbitration Act, 9 U.S.C. § 10(a)(3), (4), in dismissing the arbitration as untimely and in declining to consider their request for reconsideration. For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20644

## I.     Factual and Procedural History

On August 15, 2010, the vessel "Sweet Dreams" sunk.  Plaintiffs-Appellants Greg Anderson and Why Nada Cruz, L.L.C., also known as Why Not Cruise (collectively "Anderson"), sought recovery for the loss under a yachtsman policy of insurance ("Policy") issued by Defendant-Appellee ACE American Insurance Company ("ACE").  The Policy included a provision requiring disputes to be settled by binding arbitration.  The Policy further provided that the "request for arbitration must be filed within one (1) year of the date of loss or damage."

ACE advised Anderson on September 20, 2010 that it had denied his claim.  On July 7, 2011, Anderson's counsel sent ACE a letter stating:

> If you need any other information for your evaluation of the claim then let me know and I will do what I can to get you the information as quickly as possible.  Afterwards, if ACE still denies the claim then please contact me to make arrangements for requesting arbitration under the policy.  Otherwise, we have been instructed to file a lawsuit on August 8, 2011 to preserve our client(s) [sic] claims.

It appears that ACE did not respond to the letter.

On August 11, 2011, instead of filing for arbitration, Anderson sued ACE in Texas state court to recover under the Policy for the sinking of the vessel "Sweet Dreams."  ACE removed the case to federal court and filed an unopposed motion to compel arbitration and abate the court proceedings, which the district court granted on February 14, 2012.

More than eight months later, in October 2012, Anderson filed an arbitration demand with the American Arbitration Association ("AAA").  Once the parties selected an arbitrator, ACE sought dismissal of the arbitration proceeding on the ground that Anderson had failed to comply with the Policy's requirement that a request for arbitration be filed within one year of the loss.

2

No. 13-20644

After receiving briefing and evidence from the parties, the arbitrator entered an award dismissing the arbitration on the ground that "the arbitration was not filed in a timely manner [and] did not meet the specific requirements, as detailed within the Insurance Policy."  Specifically, the arbitrator found that "the filing for arbitration dated 25ᵗʰ October 2012, was over two (2) years two (2) months after the date of loss."  The arbitrator rejected Anderson's contention that ACE's apparent failure to respond to his July 7, 2011 letter waived or tolled the one-year deadline for requesting arbitration. The arbitrator noted that Anderson's communications made it clear that Anderson was aware, before the deadline, of the Policy's arbitration requirement.  The arbitrator explained that given

> the knowledge of the terms of the Policy requiring arbitration to be filed within twelve (12) months of the date of the loss, and that the Court had ordered arbitration, the undersigned arbitrator finds it questionable why Claimants delayed their actual filing of the arbitration over eight (8) months after being ordered by the Court and considers this action a critical factor and unreasonable response.

After the arbitral award was issued, Anderson asked "if the arbitrator would allow for a Motion to reconsider."  The arbitrator declined, explaining that "both the claimants and respondents had every opportunity to forward to me all documentation concerning the timeliness issues in this case in initial discovery."

On ACE's motion, the district court entered an order confirming the arbitration award and dismissing the suit with prejudice.  On July 5, 2013, Anderson moved for a new trial and to vacate the arbitration award.  Along with the motion, Anderson's counsel submitted an affidavit providing several justifications for the eight-month delay between the district court's order compelling arbitration and Anderson's arbitration request, including that during this period: (1) "[i]n addition to handling this case and other numerous

3

legal matters . . . [, Anderson's counsel] had to prepare and did go to trial on three separate cases"; (2) ACE's original counsel switched firms; (3) Anderson's counsel took a summer vacation; and (4) counsel for both parties had several discussions about the logistics of filing for arbitration. The motion for a new trial was denied on September 30, 2013. Anderson filed a timely notice of appeal.

## II.    Standard of Review

"In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471–72 (5th Cir. 2012) (internal quotation marks and citation omitted). We review "a district court's confirmation of an award *de novo*, but the review of the underlying award is exceedingly deferential." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 674 (5th Cir. 2012) (internal quotation marks and citation omitted). "An award may not be set aside for a mere mistake of fact or law." *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007).

## III.    Discussion

Anderson contends that the arbitrator erred both by: (1) failing to interpret properly the Policy language in concluding that Anderson failed to timely request arbitration, and (2) declining to entertain a motion for reconsideration. Anderson seeks to vacate the arbitration award and to resubmit the case to arbitration in accordance with the Policy terms.

Sections 10 and 11 of the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), provide "the exclusive means for setting aside or changing an arbitration award challenged under the FAA." *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 352 (5th Cir. 2009); *see also Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002). Section 10 permits vacatur only when, among other things, "the arbitrators were guilty of misconduct . . . in refusing to hear

evidence pertinent and material to the controversy" or "the arbitrators exceeded their powers."  9 U.S.C. § 10(a)(3), (4).

We first address Anderson's contention that the arbitrator exceeded his powers, in violation of § 10(a)(4) of the FAA, by concluding that Anderson's request for arbitration was dilatory under the Policy.  Arbitral authority derives from contract.  *21st Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 13-50389, 2014 WL 12827, at *2, — F.3d —, — (5th Cir. Mar. 31, 2014).  "Where arbitrators act contrary to express contractual provisions, they have exceeded their powers."  *Id*. at *3 (internal quotation marks and citation omitted).  "If the contract creates a plain limitation on the authority of an arbitrator, we will vacate an award that ignores the limitation." *Id*. (internal quotation marks and citation omitted).  Nevertheless, "[a] reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration." *Brook*, 294 F.3d at 672.

Anderson has not shown that the arbitrator exceeded his powers in dismissing the arbitration due to Anderson's failure to timely request arbitration under the Policy terms.  Anderson argues that the arbitrator should have found that Anderson timely requested arbitration in his July 7, 2011 letter to ACE, which was sent less than one year after he submitted his claim.  But the Policy required the arbitration "request" to be "filed," which may require something more formal than a letter to ACE.  And Anderson's July 7, 2011 letter may not have been a "request" for arbitration because it made any request contingent on ACE's further rejection of Anderson's claim.  Moreover, Anderson acknowledges that the term "request," as used in the Policy, is ambiguous, and that the Policy does not specify the form that a request should take or to whom it should be made.  Given the "exceedingly deferential" standard of review, *Petrofac*, 687 F.3d at 674, we cannot fault the arbitrator for his resolution of those ambiguities.  *See United Paperworkers Int'l Union v.*

No. 13-20644

*Misco, Inc.*, 484 U.S. 29, 38 (1987) ("Courts . . . do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts."). Accordingly, the arbitrator did not exceed his powers by declining to find that Anderson's reference to arbitration in his July 7, 2011 letter was a "request for arbitration."

Anderson further contends that, in determining that Anderson's arbitration request was untimely, the arbitrator impermissibly relied on events that occurred after the Policy's one-year deadline for requesting arbitration. In particular, Anderson asserts that the arbitrator's consideration of the eight-month delay between the district court's order compelling arbitration and Anderson's arbitration demand has no basis in the Policy language.

The arbitrator's discussion of that delay can be fairly read as relating not to the issue of whether Anderson failed to file an arbitration request within one year of the loss, but to Anderson's equitable argument that ACE waived or tolled the one-year deadline by not responding to the July 7, 2011 letter. In rejecting Anderson's waiver argument, the arbitrator noted that: (1) ACE's September 20, 2010 letter denying Anderson's claim specifically referenced the Policy's arbitration clause and the one-year contractual limitations period; (2) Anderson's December 9, 2010 and July 7, 2011 letters to ACE acknowledged the Policy's arbitration requirement; (3) Anderson did not file an arbitration demand until more than 26 months after the loss and 8 months after the district court compelled arbitration; and (4) when Anderson did eventually demand arbitration, he made the demand without assistance from ACE. In light of these findings, and their purpose, the arbitrator did not exceed his powers in considering Anderson's actions after the one-year deadline for filing an arbitration request had run, or in rejecting Anderson's argument that this deadline was waived or tolled.

6

We next turn to Anderson's second issue on appeal: that the arbitrator improperly denied him an opportunity to present evidence showing the reasons for the eight-month delay between the district court's order compelling arbitration and Anderson's arbitration demand.  Anderson states that, during that period, his counsel had three trials and went on summer vacation; ACE changed counsel; the parties discussed alternatives to submitting the arbitration to the AAA; and the parties had several discussions regarding the wording of the arbitration demand and the payment of filing fees.  Anderson contends that the arbitrator's refusal to permit a motion for reconsideration, with which he could present this evidence, violated FAA § 10(a)(3)'s prohibition on arbitrators "refusing to hear evidence pertinent and material to the controversy," and rendered the arbitration proceeding fundamentally unfair.

We cannot fault the arbitrator for declining to consider evidence that was not timely presented to him.  ACE raised, in its application to dismiss the arbitration proceeding, the issue of the delay between the district court's order compelling arbitration and Anderson's arbitration demand to the AAA.  Anderson had ample opportunity to present, in his response brief, evidence explaining and mitigating the impact of that delay, and supporting his waiver defense.  We have held that "arbitrators enjoy inherent authority to police the arbitration process and fashion appropriate remedies to effectuate this authority." *Hamstein Cumberland Music Grp. v. Williams*, 532 F. App'x 538, 543 (5th Cir. 2013).  Thus, the arbitrator did not commit misconduct, in violation of § 10(a)(3), by declining to give Anderson a second opportunity, after the arbitration award already had issued, to present evidence supporting his opposition to dismissal of the arbitration.

## IV.   Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.