ACCEPTED
04-15-00114-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/8/2015 4:41:13 PM
KEITH HOTTLE
CLERK

No. 04-15-00114-CV

In the Fourth Court of Appeals
San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

9/8/2015 4:41:13 PM

KEITH E. HOTTLE
Clerk

**HARI PRASAD KALAKONDA AND LATHA KALAKONDA, Appellants**

**v.**

**ASPRI INVESTMENTS, LLC, Appellee**

From the 45th Judicial District Court
Bexar County, Texas, Cause No: 2014-CI-16394,
the Honorable Judge Karen H. Pozza, presiding

**ASPRI INVESTMENTS, LLC'S
APPELLEE'S BRIEF**

**HIRSCH & WESTHEIMER, P.C.**

Michael D. Conner
State Bar No. 04688650
mconner@hirschwest.com
Eric Lipper
State Bar No. 12399000
elipper@hirschwest.com
1415 Louisiana, 36th Floor
Houston, Texas 77002
Tel: (713) 220-9162
Fax: (713) 223-9319

**Attorneys for Appellee
Aspri Investments, LLC**

**Appellee does not believe oral argument will significantly aid the Court.
If the Appellants' request is granted, Aspri asks to be heard.**

20140366.20140366/2213589.1

# TABLE OF CONTENTS

Table of Authorities.................................................................................................ii

Statement of the Case.............................................................................................1

The Record on Appeal............................................................................................2

Regarding Oral Argument......................................................................................3

Statement of Facts..................................................................................................3

Summary of the Argument......................................................................................4

Argument and Authorities......................................................................................6

          Review of Judgment Confirming Arbitration
          Award is "Extraordinarily Narrow" ..............................................6

          Issue 1: The arbitrator did not refuse to hear
          pertinent evidence; no basis for partiality was shown.
          9 U.S.C. §10(a)(2), (3)...................................................................8

          Issue 2: The arbitrator's disclosures were adequate;
          no basis for partiality was shown. 9 U.S.C. §10(a)(2), (3)...........10

          Issue 3: The arbitrator did not exceed his powers;
          the Kalakondas guaranteed the lease. 9 U.S.C. §10(a)(4)............16

          Issue 4: The trial court correctly and sustainably
          confirmed the award. ....................................................................17

Conclusion and Prayer .........................................................................................19

Certificate of Compliance .....................................................................................21

Certificate of Service............................................................................................21

# TABLE OF AUTHORITIES

## Cases

*Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.,*
  294 S.W.3d 818 (Tex. App.–Dallas 2009, no pet.) ..................................10, 16

*Anzilotti v. Gene D. Liggin, Inc.,*
  899 S.W.2d 264 (Tex. App.–Houston [14th Dist.] 1995, no writ)...........10, 16

*Bernstein Seawell & Kove v. Bosarge,*
  813 F.2d 726 (5th Cir. 1987) .......................................................................13

*Burlington N. R. Co. v. TUCO Inc.,*
  960 S.W.2d 629 (Tex. 1997)........................................................................11

*Cambridge Legacy Group, Inc. v. Jain,*
  407 S.W.3d 443 (Tex. App.–Dallas 2013, pet. denied).............................. 6-7

*Citigroup Global Markets, Inc. v. Bacon,*
  562 F.3d 349 (5th Cir. 2009) .........................................................................8

*City of Keller v. Wilson,*
  168 S.W.3d 802 (Tex. 2005).........................................................................11

*Crossmark, Inc. v. Hazar,*
  124 S.W.3d 422 (Tex. App.–Dallas 2004, pet. denied)............................10, 16

*Dealer Computer Servs., Inc. v. Michael Motor Co., Inc.,*
  485 F. App'x 724 (5th Cir. 2012) .................................................. 9, 13-14, 15

*Dow Chem. Co. v. Francis,*
  46 S.W.3d 237 (Tex. 2001)..........................................................................15

*El Paso Field Servs., L.P. v. MasTec N. Am., Inc.,*
  389 S.W.3d 802 (Tex. 2012).........................................................................13

*First Options of Chicago, Inc. v. Kaplan,*
 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)....................................7

*Forest Oil Corp. v. El Rucio Land & Cattle Co., Inc.,*
 446 S.W.3d 58 (Tex. App.–Houston [1st Dist.]
 2014 pet. abated July 24, 2015) ........................................................11, 12, 14

*Hall St. Associates, L.L.C. v. Mattel, Inc.,*
 552 U.S. 576, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008) .............................8

*Hamstein Cumberland Music Grp. v. Williams,*
 532 Fed. Appx. 538 (5th Cir. 2013)................................................................9

*InfoBilling, Inc. v. Transaction Clearing, LLC,*
 2013 WL 1501570 (W.D. Tex. Apr. 10, 2013) ..............................................13

*In re Chestnut Energy Partners, Inc.,*
 300 S.W.3d 386 (Tex. App.–Dallas 2009, pet. denied)..............................6, 14

*In re Labatt Food Serv., L.P.,*
 279 S.W.3d 640 (Tex. 2009)............................................................................6

*Ingham v. O'Block,*
 351 S.W.3d 96 (Tex. App.–San Antonio 2011, pet. denied).........................15

*Kiernan v. Piper Jaffray Cos., Inc.,*
 137 F.3d 588 (8th Cir. 1998) .........................................................................14

*Kosty v. S. Shore Harbour Cmty. Ass'n, Inc.,*
 226 S.W.3d 459 (Tex. App.–Houston [1st Dist.] 2006, pet. denied) .............10

*Mariner Fin. Grp. v. Bossley,*
 79 S.W.3d 30 (Tex. 2002)..............................................................................14

*Mapco, Inc. v. Forrest,*
 795 S.W.2d 700 (Tex. 1990)..........................................................................18

*Myer v. Americo Life, Inc.,*
 232 S.W.3d 401 (Tex. App.–Dallas 2007, no pet.) ...............................6, 8, 16

*Nat'l Prop. Holdings, L.P. v. Westergren,*
  453 S.W.3d 419 (Tex. 2015)........................................................................12

*Oxford Health Plans, LLC v. Sutter,*
  ——U.S. ——, 133 S.Ct. 2064, 186 L.Ed.2d 113 (2013) ..................................7

*Positive Software,*
  476 F.3d 278 (5th Cir. 2007) .......................................................................11

*Schlobohm v. Pepperidge Farm, Inc.,*
  806 F.2d 578 (5th Cir. 1986) .......................................................................19

*SSP Holdings Ltd. P'ship v. Lopez,*
  432 S.W.3d 487 (Tex. App.–San Antonio 2014, pet. denied)................passim

*Sun v. Al's Formal Wear of Houston, Inc.,*
  1998 WL 726479 (Tex. App.–Houston [14th Dist.]
  Oct. 15, 1998, no pet.) .................................................................................18

*Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC,*
  437 S.W.3d 518 (Tex. 2014)..........................................................................11

*Vera v. N. Star Dodge Sales, Inc.,*
  989 S.W.2d 13 (Tex. App.–San Antonio 1998, no pet.) ...............................12

*Why Nada Cruz, L.L.C. v. Ace Am. Ins. Co.,*
  569 Fed. Appx. 339 (5th Cir. 2014)................................................................9

## Statutes

9 U.S.C. § 1, *et seq.* ......................................................................................6

9 U.S.C. § 9 ....................................................................................................7

9 U.S.C. § 10 ...................................................................................i, 7, 8, 10, 16

9 U.S.C. § 11 ....................................................................................................7

## Rules

Tex. R. App. P. 9.4(e) ......................................................................21

Tex. R. App. P. 9.4(i) ......................................................................21

Tex. R. Civ. P. 48 ............................................................................18

# Statement of the Case

| | |
|---|---|
| *Nature of the Case:* | Appellee petitioned for confirmation of an arbitration award; Appellants sought vacatur and remand and raised the issue of lease termination |
| *Trial Court:* | 45th Judicial District Court Bexar County, Texas, the Honorable Judge Karen H. Pozza, presiding |
| *Trial Court Disposition:* | The trial court signed its Final Judgment December 1, 2014 confirming the arbitrator's award. CR175. Both the award and the Final Judgment include "Mother Hubbard" clauses. |

## The Record on Appeal

The Clerk's Record should comprise a single volume filed April 2, 2015. Appellee, Aspri, moved to strike pages 236 through 496 of that volume. Denying Aspri's motion, the Court appropriately observed it "will consider only those matters that were before the trial court at the time of the rulings being reviewed." As set forth in Aspri's motion, Appellants, the Kalakondas, made what may be described as a "bulk" filing in the trial court under their cover letter dated March 24, 2015. The Kalakondas have made no effort to demonstrate that any of the materials in their March 24 filing (pages 236-496 of the record) were before the trial court when it signed the judgment or at any time within its period of plenary power over the judgment.

Appellants, the Kalakondas, also refer to a second volume (227 pages) filed June 9, 2015 and labelled "Supplemental Clerk's Record." This "supplemental" record is actually the record from a different trial court case, Cause No. 2015CI01910. Thus, it is not properly part of the clerk's record in this proceeding unless or until it is shown that any referenced material was, likewise, "before the trial court at the time of the rulings being reviewed."

The Kalakondas reference four volumes of Reporter's Record. The first, third and fourth volumes are transcripts of proceedings in the trial court case from which this appeal follows; the second volume is from a different case, Cause No.

2015CI01910. Volume one, "1RR**," is the transcript of the dispositive hearing held December 1, 2014. Volume three has to do with the Kalakonda's motion for reconsideration; and, volume four ("4RR**") is the transcript of a hearing on April 1, 2015—a full four months after judgment—at which Judge Pozza was asked to "clarify" her December 1 judgment. No new judgment issued.

## Regarding Oral Argument

Aspri believes oral argument would impair rather than facilitate disposition. Review of a judgment confirming an arbitration award is narrow; there are no novel issues presented.

## Statement of Facts

Aspri, as landlord, prosecuted breach of contract claims in arbitration against Shubha, LLC, the tenant pursuant to a Lease Assumption Agreement (*see* CR7), and against its principals (*see, e.g.*, CR151), Mr. Kalakonda and Mrs. Kalakonda, as guarantors of the lease. *See* CR115; CR160-61. Shubha, LLC and the Kalakondas were represented by counsel in the arbitration. *See* CR6. The arbitration award was signed October 10, 2014 in favor of Aspri and against Shubha, LLC, Mr. Kalakonda and Mrs. Kalakonda ordering them to pay Aspri $66,235.51. CR6-10. Promptly thereafter, Aspri petitioned the trial court for confirmation of the award. CR1, *et seq.*

Despite service of the petition on Shubha through its registered agent Mr. Kalakonda (*see* CR13), Shubha did not answer or otherwise appear in the trial court.

Like in this Court, the Kalakondas appeared *pro se* in the district court. *See, e.g.*, CR15, 73-75.

The Kalakondas moved the trial court to vacate and remand the award. CR15, *et seq.*

The trial court heard the matter on December 1, 2014 and signed its Final Judgment confirming the arbitration award the same day. CR175.

## Summary of the Argument

Shubha, LLC did not answer or appear below; it is not before this Court. There is no basis to disturb the Final Judgment confirming the award against Shubha, LLC.

The Kalakondas did not show the arbitrator refused to hear pertinent evidence. Among other things, the 2002 lease agreement includes the tenant's waiver of all Texas Deceptive Trade Practices Act claims. CR129-48; CR145, ¶15.11. And, it was within the arbitrator's discretion to refuse the Kalakondas' newly substituted attorney's eleventh hour attempt to add such claims which appear to substantially overlap with claims the arbitrator considered.

The arbitrator fully disclosed his previous relationships (through his "active ADR practice") with Aspri's counsel, *e.g.*, as mediator in matters where Aspri's counsel represented strangers to this case. There was no apparent partiality.

That Mr. Hoover was identified in the arbitration clause in the lease assumption agreement and in the guaranty is facially apparent. There is no indication

in the record that the Kalakondas' attorney objected to Mr. Hoover's service as arbitrator. There is no indication that the Kalakondas' attorney attempted to invoke the alternative of arbitration pursuant to American Arbitration Association rules as provided in the arbitration agreement.

"Manifest disregard of the law" is not an available basis for setting aside the award. In any event, the Kalakondas have not shown any such disregard by the arbitrator.

Omitting any mention that they both signed a guaranty of the lease and ignoring the pervasive evidence that they both participated as respondents and counter-claimants in the arbitration, the Kalakondas' argument that the arbitrator exceeded his powers borders on disingenuous.

The Kalakondas' argument that the trial court interpreted rather than confirmed the award is patently meritless. The judgment recites no facts and neither expands nor limits the relief afforded in the arbitrator's award.

**Review of Judgment Confirming Arbitration Award is "Extraordinarily Narrow[1]"**

The award recites that the "case was governed by Federal law."[2] CR7. Review of the judgment confirming an arbitration award under the Federal Arbitration Act (9 U.S.C. § 1, *et seq.*) ("FAA") is de novo. *SSP Holdings Ltd. P'ship v. Lopez*, 432 S.W.3d 487, 492 (Tex. App.–San Antonio 2014, pet. denied); *In re Chestnut Energy Partners, Inc.,* 300 S.W.3d 386, 397 (Tex. App.–Dallas 2009, pet. denied); *see also In re Labatt Food Serv., L.P.,* 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). The Court reviews the entire record.[3] *SSP Holdings Ltd. P'ship, supra* (citing *In re Chestnut,* 300 S.W.3d at 397). All reasonable presumptions are indulged in favor of the arbitration award, and none against it. *Id.* An arbitration award is presumed valid and entitled to great deference and a court's review of the arbitration award is "extraordinarily narrow." *SSP Holdings Ltd. P'ship, supra* (quoting *Myer,* 232 S.W.3d at 407–08). The party seeking to vacate the award bears the ultimate burden of proving grounds for vacatur. *Id.* (citing *Cambridge Legacy Group, Inc. v. Jain,*

---

[1] *SSP Holdings Ltd. P'ship v. Lopez*, 432 S.W.3d 487, 492 (Tex. App.–San Antonio 2014, pet. denied) (citing *Myer v. Americo Life, Inc.,* 232 S.W.3d 401, 407-08 (Tex. App.–Dallas 2007, no pet.)).

[2] The arbitration clause in the lease does not specify federal law. CR143. The arbitration clauses in the lease assumption and the Kalakondas' guaranty do, referencing the FAA. CR150; CR161.

[3] *See* p. 2, *supra.*

407 S.W.3d 443, 449 (Tex. App.–Dallas 2013, pet. denied)). The Kalakondas did not carry that burden.

"Under the FAA, courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" *Oxford Health Plans, LLC v. Sutter,* —U.S. —, 133 S.Ct. 2064, 2068, 186 L.Ed.2d 113 (2013) (quoting *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 942, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)). No such circumstances exist here and, the award must be confirmed unless vacated, modified, or corrected under one of the limited grounds set forth in sections 10 and 11 of the FAA. *See* 9 U.S.C. §§ 9–11. The Kalakondas moved only to "vacate and remand," they did not ask the trial court to modify or correct the award. CR15, *et seq.* Accordingly, they had the ultimate burden to demonstrate a section 10 basis for vacatur. *See SSP Holdings Ltd. P'ship, supra*; 9 U.S.C. § 10.

Under section 10, the Kalakondas must have demonstrated to Judge Pozza that:

    (1) the award was procured by corruption, fraud, or undue means;

    (2) there was evident partiality or corruption in the arbitrator;

    (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

    (4) the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*See* 9 U.S.C. § 10(a). The Kalakondas' motion to vacate argued "evident partiality" (10(a)(2)), "refus[al] to hear and consider … pertinent and material" evidence (10(a)(3)), and that arbitrator Hoover "exceeded [his] power, or so imperfectly executed them, that a mutual, final, and definite award … was never made" (10(a)(4)). *See* CR19.[4] The trial court correctly determined that the Kalakondas' arguments were insufficient on any basis presented to overcome the strong presumption that the award is valid. *See SSP Holdings Ltd. P'ship,* 432 S.W.3d at 492; *Myer,* 232 S.W.3d at 407–08.

**Issue 1:  The arbitrator did not refuse to hear pertinent evidence; no basis for partiality was shown.** 9 U.S.C. §10(a)(2), (3).

The Kalakondas say that "well before the arbitration," they pled DTPA claims. Br. at 8. But, the arbitration hearing "convened as scheduled on July 24, 2014" (CR6) and the pleading referred to (*see* CR59-62) was served less than two weeks before. CR62. Regardless of the Kalakondas' then recently engaged attorney's timeliness, the Fifth Circuit has held that "arbitrators enjoy inherent authority to police the arbitration process and fashion appropriate remedies to

---

[4] The Kalakondas also asserted Mr. Hoover "acted in "manifest disregard of the law.'" CR19. That is not a basis for vacatur under federal law. *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S. Ct. 1396, 1403, 170 L. Ed. 2d 254 (2008) ("We now hold that §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification."); *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349 (5th Cir. 2009).

effectuate this authority." *Why Nada Cruz, L.L.C. v. Ace Am. Ins. Co.*, 569 Fed. Appx. 339, 343 (5th Cir. 2014) (citing *Hamstein Cumberland Music Grp. v. Williams,* 532 Fed. Appx. 538, 543 (5th Cir. 2013)).

The award states, moreover, that the Kalakondas appeared with counsel and "announced ready for final hearing." CR6. After two and one-half days, "each party confirmed that they had a full and fair opportunity to present their respective case in chief …." CR7. There is no indication that the Kalakondas objected to going forward or otherwise attempted to preserve any issue regarding the scope of their pleadings or permitted evidence. *See, e.g., Dealer Computer Servs., Inc. v. Michael Motor Co., Inc.,* 485 F. App'x 724, 727-28 (5th Cir. 2012).

Further, the award clearly shows the arbitrator considered an array of legal theories advanced by the Kalakondas including breach of contract, tortious interference, breach of fiduciary duty, and fraud. CR9. The Kalakondas do not complain that evidence relevant to any of those theories was excluded. They have not identified any evidence that was excluded just because it might also have

supported a DTPA theory.[5] In fact, no evidence was excluded on any basis. CR7. Per terms of the award, the arbitrator considered all testimony and all exhibits that were offered, considered the parties' objections, and, admitted everything into evidence. *Id.*

As the Kalakondas correctly point out, an arbitrator is "not bound to hear all the evidence tendered by the parties as long as each party is given an adequate opportunity to present evidence and arguments." *Kosty v. S. Shore Harbour Cmty. Ass'n, Inc.*, 226 S.W.3d 459, 463 (Tex. App.–Houston [1st Dist.] 2006, pet. denied). There is nothing in the record to suggest that the arbitrator's recital that the Kalakondas "had a full and fair opportunity to present their … case" (CR7) is inaccurate. The Kalakondas have not and cannot overcome the strong presumption that the award is valid. *See SSP Holdings Ltd. P'ship,* 432 S.W.3d at 492.

**Issue 2: The arbitrator's disclosures were adequate; no basis for partiality was shown.** 9 U.S.C. §10(a)(2), (3).

Citing mainly to materials not before the trial court, the Kalakondas argue that Mr. Hoover's disclosures were somehow inadequate. The Fifth Circuit has held that

---

[5] Paragraph 15.11 of the lease is the tenant's waiver of all DTPA claims, remedies, and causes of action. CR50. The Kalakondas have not argued such a waiver is unenforceable. Even if they had, the reviewing court "may not vacate an award even if it is based upon a mistake in law or fact." *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.–Dallas 2009, no pet.); *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.–Dallas 2004, pet. denied); *Anzilotti v. Gene D. Liggin, Inc.,* 899 S.W.2d 264, 266 (Tex. App.–Houston [14th Dist.] 1995, no writ).

a neutral arbitrator exhibits evident partiality if the arbitrator does not disclose facts which might create a "reasonable impression of bias." *See Positive Software,* 476 F.3d 278, 283 (5th Cir. 2007). The Texas Supreme Court applies a slightly different standard: a neutral arbitrator exhibits evident partiality "if the arbitrator does not disclose facts which might, to an objective observer, create a reasonable impression of the arbitrator's partiality." *Burlington N. R. Co. v. TUCO Inc.*, 960 S.W.2d 629, 630 (Tex. 1997); *see also Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 524–25 (Tex. 2014).

In a recent case applying the *TUCO* standard, the First Court of Appeals observed, "An arbitrator has a duty to disclose facts *known* to him that might, to an objective observer, create a reasonable impression of the arbitrator's partiality." *Forest Oil Corp. v. El Rucio Land & Cattle Co., Inc.*, 446 S.W.3d 58, 80 (Tex. App.–Houston [1st Dist.] 2014 pet. abated July 24, 2015) (emphasis in original). In *Forest Oil*, Ramos, an arbitrator, was apparently considered by parties to serve as mediator in related litigation. *See id.* at 78. There was conflicting evidence whether Ramos was aware that he was being considered as a mediator. *See id.* at 80. The court observed that "as the fact finder in the vacatur proceeding, [the trial court resolves] conflicts in the evidence …." *Id.* (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 819–20 (Tex. 2005)). And, based on the record, determined that "the evidence supported an implied finding by the trial court that Ramos was unaware of what had

occurred in the [related] litigation" and, therefore, the "parties' consideration of Ramos as mediator in [related] litigation could not have influenced Ramos's partiality during the arbitration." *Id.* at 81. Here, the Kalakondas did not attempt to show in the trial court whether arbitrator Hoover knew he was identified in some other unrelated arbitration agreement. Without evidence that Hoover knew his name appeared in other Aspri contracts, the Kalakondas did not and cannot establish that Hoover failed to "disclose facts *known* to him." *Forest Oil Corp., supra.* They did not show evident partiality and the judgment should be affirmed.

The Kalakondas' argument that Mr. Hoover was appointed "unilaterally without consultation and acceptance in a take it or leave it assignment of lease" (Br. at 14) is patently without merit. While accurate that Mr. Hoover is identified in the lease assumption arbitration clause (CR150) and in the similar clause found in the Kalakondas' guaranty (CR161), there is no evidence—and the Kalakondas do not argue—that they somehow were coerced into signing either document. The law presumes parties have read and understood the contracts they sign. *See, e.g., Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 425-26 (Tex. 2015); *Vera v. N. Star Dodge Sales, Inc.*, 989 S.W.2d 13, 17 (Tex. App.–San Antonio 1998, no pet.). It was not the trial court's role, nor is it this Court's, "to protect parties from

their own agreements." *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.,* 389 S.W.3d 802, 810–11 (Tex. 2012).[6]

In any event, the very fact about which the Kalakondas now complain was "disclosed," not hidden, in the two contracts they signed. CR150-51; CR160-61. And, there is nothing in the record that might possibly suggest the Kalakondas or their counsel took exception to Mr. Hoover's selection when arbitration began or that they attempted to invoke the alternative AAA process provided in the contract(s). CR 150, 160-61. Generally, one seeking to vacate an arbitration award based on evident partiality must object during the arbitration proceedings and "failure to do so results in waiver of its right to object." *InfoBilling, Inc. v. Transaction Clearing, LLC*, SA-12-CV-01116-DAE, 2013 WL 1501570, at *3 (W.D. Tex. Apr. 10, 2013) (quoting *Dealer Computer Servs., Inc. v. Michael Motor Co., Inc.,* 485 F. App'x 724, 727 (5th Cir. 2012); *see also Bernstein Seawell & Kove v. Bosarge,* 813 F.2d 726, 732 (5th Cir. 1987). Like in *InfoBilling*, the Kalakondas "cannot 'now seek to avoid [the] tactical decision to await the decision of the [arbitrator] rather than seek [his] removal.'" *InfoBilling, Inc., supra* (citing *Dealer*

---

[6] Relatedly, the Kalakondas argue the arbitration was "hijacked to Houston." Br., p. 17. The arbitration provision in the lease is the only one with a venue term. CR143. That provision does not, however, specify federal law. *Id.* The arbitration "was governed by Federal law." CR7. The arbitration provisions in both the assumption of lease and the Kalakondas' guaranty specify federal law; neither specifies venue. CR150; CR160. Presumptively in favor of confirmation of the award, the agreement upon which arbitration proceeded did not require a specific venue. *See SSP Holdings Ltd. P'ship*, 432 S.W.3d at 492.

*Computer Servs.,* 485 F. App'x at 728 n. 4 (quoting *Kiernan v. Piper Jaffray Cos., Inc.,* 137 F.3d 588, 593 (8th Cir. 1998)). The Kalakondas did not establish evident partiality; they have not and cannot overcome the strong presumption that the award is valid. *See SSP Holdings Ltd. P'ship,* 432 S.W.3d at 492. Similarly, the Kalakondas argue that Mr. Hoover's timely disclosure of his "active ADR practice" suggests partiality. In disclosing his active ADR practice, Mr. Hoover revealed his history mediating with attorneys Fuhr, Lipper, and the firm of Hirsch & Westheimer; Mr. Hoover disclosed that he and a different Hirsch & Westheimer lawyer had previously served together as arbitrators; he also stated affirmatively that he did not recognize the names of any party to the arbitration and did not know any of the individuals personally; and, he invited all involved to alert him if he had missed something.[7] *See* CR170-73. No such alert was forthcoming. This record supports an implied finding by the trial court that Mr. Hoover did not fail to disclose "facts *known* to him that might, to an objective observer, create a reasonable impression of the arbitrator's partiality." *Forest Oil Corp.*, 446 S.W.3d at 80; *Mariner Fin. Grp. v. Bossley,* 79 S.W.3d 30, 33 (Tex. 2002) ("the state of [Hoover's] knowledge … is a fact issue

---

[7] The Kalakondas' argue that Mr. Hoover "is the arbitrator for several of Plaintiff's properties." Br., p. 16. There is no evidence that Mr. Hoover has arbitrated any other matter involving Aspri. Record facts support Hoover's disclosure; no record facts support the Kalakondas' argument. All reasonable presumptions are indulged in favor of the arbitration award, and none against it. *SSP Holdings Ltd. P'ship, supra* (citing *In re Chestnut,* 300 S.W.3d at 397).

material to determining his partiality."); *see also Ingham v. O'Block*, 351 S.W.3d 96, 100 (Tex. App.–San Antonio 2011, pet. denied) (discussing legal and factual sufficiency standards) (citing *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex. 2001)). And, as with the arbitration clauses identifying Mr. Hoover, these facts about lawyers who had mediated other cases for other clients were known to the Kalakondas and their counsel at the time. Yet, no objection to Mr. Hoover's service as arbitrator was raised. *See Dealer Computer Servs., Inc.,* 485 F. App'x at 727-28, n. 4. No partiality was shown. The judgment confirming the award should be affirmed.

At pages 18 through 22 of their brief under the heading "Post Arbitration" and with the apparent objective of showing partiality, the Kalakondas argue matters that necessarily were or could have been argued in the arbitration. They argue, for example, "The arbitrator completely misread or intentionally ignored the above [referenced lease terms] which clearly shows evident partiality and the result of it." Br., p. 19. They argue that the "arbitrator stopped reading the lease on page three or four …." *Id.* With reference to various lease terms and supposed undisclosed preexisting agreements, the argue fraud. *See* Brief, p. 20. But the arbitrator considered and rejected the Kalakondas' fraud claim. CR9 ("I find no credible evidence for a fraud finding against Clamant.").

None of these arguments is about anything "post arbitration." All have to do with the very issues presented to the arbitrator. *See* CR6-10. That the Kalakondas disagree with the arbitrator's disposition of the matters presented does not demonstrate partiality. Mr. Hoover's interpretation of lease terms and the parties' respective compliance and/or failures to comply was not reviewable in the trial court and is not reviewable here. Review is "extraordinarily narrow." *SSP Holdings Ltd. P'ship,* 432 S.W.3d at 492 (quoting *Myer,* 232 S.W.3d at 407–08). A court reviewing an arbitration award "may not vacate an award even if it is based upon a mistake in law or fact." *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.–Dallas 2009, no pet.); *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.–Dallas 2004, pet. denied); *Anzilotti v. Gene D. Liggin, Inc.,* 899 S.W.2d 264, 266 (Tex. App.–Houston [14th Dist.] 1995, no writ). The judgment of the trial court should be affirmed.

**Issue 3:   The arbitrator did not exceed his powers; the Kalakondas guaranteed the lease.** 9 U.S.C. §10(a)(4).

The Kalakondas' argument that their personal liability was not in issue in the arbitration is contrary to the record and should be rejected. The award says they appeared at arbitration in person and through counsel, announced ready, and "confirmed that they had a full and fair opportunity to present their respective case." CR6-10. The Kalakondas were named in Aspri's Claimant's Petition in Arbitration "as guarantors on the subject lease agreement." CR115, 117-18. The "Personal

Guaranty of Lease, *Subject to Binding Arbitration*" was before the arbitrator ("Exhibit 'E'" to Aspri's petition; CR118) and is in this record. CR160-61. Finally, by terms of the award, the Kalakondas, two of three "Respondents," were ordered to pay Aspri $66,235.51. CR9. The argument that their "personal liability was not presented to the arbitrator" belies the record; the judgment should be affirmed.

**Issue 4:   The trial court correctly and sustainably confirmed the award.**

The Kalakondas' issue four presents nothing for the Court's review.[8] The award orders the Kalakondas to pay Aspri a total amount of $66,235.51 comprising amounts for actual damages for breach of the contract plus attorneys' fees as set forth by the arbitrator. CR8-9. The award provides for post award interest (6%) in the event the amounts were not paid within 30 days. CR10. The trial court's judgment, in two decretal sentences, grants judgment in favor of Aspri for the same $66,235.51 plus interest at 6% to accrue from November 10, 2014 (the 30th day after the award date). CR175. Neither the award nor the judgment includes injunctive or

---

[8] The majority of "record" citations in the Kalakondas' arguments relating to issue four are to materials not properly before the Court. *See* p. 2, *supra.* The references to findings of fact and conclusions of law is particularly misleading. The Clerk's Record in this case does not include any; nor does it include any request for findings and conclusions. *See* CR unnumbered pages 2nd through 4th.

similar relief. CR6-10; CR175. Each includes the forum's statement that relief not expressly granted is denied. *Id.*

Pertinent to the Final Judgment, the Kalakondas put the issue of lease termination before the trial court. *See, e.g.*, CR72, ¶¶ X, XII. They argued the issue. 1RR25-30. However, the trial court declined to afford relief for what the Kalakondas called "preemptive and premature action of foreclosure and termination of the lease." *See* CR72; CR175 ("All relief not expressly granted herein is denied."). Having themselves raised the issue (*see* Tex. R. Civ. P. 48), the Kalakondas did not move to sever and did not file a nonsuit in an effort to preserve the claim. *See Sun v. Al's Formal Wear of Houston, Inc.,* No. 14–96–01516–CV; 1998 WL 726479, at *2 (Tex. App.-Houston [14th Dist.] Oct. 15, 1998, no pet.) (not designated for publication); *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex. 1990) (stating a judgment is void only when the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.). The trial court clearly was within its jurisdiction in denying the additional relief sought

Regardless what additional relief the Kalakondas may have sought in the trial court, Judge Pozza's judgment does not enlarge or alter the arbitration award in any respect. And, with the exception of full satisfaction prior to confirmation—thus, obviating the need for it—post award events are not relevant to the sustainability of

the trial court's judgment. As stated by the Fifth Circuit, "where the parties made an agreement intended to avoid court litigation by resolving the entire dispute through arbitration, intervention by the court to award additional relief would be inconsistent with the language and policy of the Federal Arbitration Act." *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 581 (5th Cir. 1986). The Final Judgment effectuates the parties' intent to resolve their entire dispute through arbitration. The judgment should be affirmed and this litigation terminated.

## Conclusion and Prayer

As the Court is keenly aware, review of an arbitration award is "extraordinarily narrow." *SSP Holdings Ltd. P'ship v. Lopez*, 432 S.W.3d at 492. With all reasonable presumptions indulged in favor of the award, and none against it, the Kalakondas as the parties seeking vacatur had a high burden; the arbitration award is presumed valid and entitled to great deference. *Id.* The trial court correctly determined all issues brought before it and reached the only legally sustainable result. It properly confirmed the award. Accordingly, for at least the foregoing reasons, Aspri Investments, LLC asks the Court to affirm the judgment of the trial court in all respects.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael D. Conner
    Michael D. Conner
    State Bar No. 04688650
    mconner@hirschwest.com
    Eric Lipper
    State Bar No. 12399000
    elipper@hirschwest.com
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    Telephone: (713) 220-9162
    Facsimile: (713) 223-9319

**ATTORNEYS FOR APPELLEE
ASPRI INVESTMENTS, LLC**

## CERTIFICATE OF COMPLIANCE

I do hereby certify that the relevant contents of this document consist of 4300 words, in compliance with Tex. R. App. P. 9.4(i) and this document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman font.

/s/ Michael D. Conner
Michael D. Conner

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2015, a true and correct copy of Appellee's Brief was served as follows:

Hari Prasad Kalakonda
Latha Kalakonda
Shubha, LLC
5002 Newcastle Lane
San Antonio, TX 78249
*Via E-Serve: smfoodmart@yahoo.com,*

/s/ Michael D. Conner
Michael D. Conner