

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00114-CV

Hari Prasad **KALAKONDA** and Latha Kalakonda,
Appellants

v.

**ASPRI INVESTMENTS, LLC**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-16394
Honorable Karen H. Pozza, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  December 9, 2015

AFFIRMED

Hari Prasad Kalakonda and Latha Kalakonda appeal the trial court's order confirming an arbitration award resolving a dispute between the Kalakondas and Aspri Investments, LLC regarding a lease agreement.  On appeal, the Kalakondas contend the trial court erred in confirming the arbitration award because: (1) the arbitrator refused to hear evidence pertinent and material to the controversy; (2) the arbitrator was not impartial; (3) the award was against the Kalakondas individually but they were not parties to the lease agreement; (4) Aspri violated the arbitration

award before the judgment confirming the award was entered; and (5) the judgment interpreted the award. We overrule the Kalakondas' issues and affirm the trial court's judgment.

## BACKGROUND

On March 18, 2008, Shubha, LLC, which was owned by the Kalakondas, executed a lease assumption agreement pursuant to which Shubha assumed all of the tenant's obligations under a lease agreement between Aspri and AASHIQ, Inc. The lease was for the property on which a convenience store/gas station is located.

The lease assumption agreement provided that all claims or disputes arising among the parties would be submitted to binding arbitration under the Federal Arbitration Act to W. Jerry Hoover in Houston, Texas as arbitrator. The lease assumption agreement further provided if Hoover did not serve as arbitrator for any reason, the arbitration would be conducted pursuant to the rules of the American Arbitration Association.

On December 4, 2013, Hoover sent the parties a letter acknowledging receipt of a letter from Aspri's attorney advising he was named as the arbitrator in the lease assumption agreement. The letter disclosed Hoover's active ADR practice and further disclosed that he mediated five cases in which Aspri's attorney represented a party. The letter concluded with a request for the parties to advise him of any objections by December 11, 2013.

In February of 2014, Aspri filed its petition in arbitration, asserting Shubha, as tenant, and the Kalakondas, as guarantors on the lease, breached the lease agreement. On July 11, 2014, Shubha and the Kalakondas filed a first supplemental counter petition in arbitration. The appellate record does not contain a copy of the original counter petition; however, the first supplemental counter petition states the original counter petition was filed on or about February 12, 2014.

On July 15, 2014, Hoover conducted a hearing on Aspri's motion to strike the Kalakondas' first supplemental counter petition and any evidence offered in support of the new claims alleged

in the supplemental petition.[1]  On July 16, 2014, Hoover signed an order sustaining Aspri's objection.  The order prohibited Shubha and the Kalakondas from offering evidence regarding the claims asserted in the first supplemental counter petition, including claims regarding lost time, claims relating to lost insurance coverage for robberies, DTPA claims, or claims for mental anguish.

On July 22, 2014, Hoover sent the parties a letter entitled "Third Supplemental Disclosures."[2]  In the letter, Hoover stated that he was informed Aspri had retained another attorney.  The letter disclosed that Hoover had mediated twenty-five cases in which the attorney's law firm had represented a party, and the attorney had attended fourteen of those mediations.  The letter further disclosed he had arbitrated a case in 2007 in which another attorney in the law firm had served as co-counsel.

On October 10, 2014, Hoover issued an Award of Arbitrator.  The award states the final evidentiary hearings were convened on July 24, 2014, and evidence was presented from July 24 through July 26.  The award notes the proceeding was not transcribed by a court reporter.  The award also states, "After closing arguments on July 26, 2014, each party confirmed that they had a full and fair opportunity to present their respective case in chief and they each rested subject only to post-hearing submissions.  Post-hearing submittal deadlines were agreed upon and on September 12, 2014, the arbitration hearings were declared closed by the undersigned Arbitrator."  Aspri was awarded $66,235.51 based on the following: (1) $12,187.91 for breach of contract claim for unpaid insurance; (2) $9,261.60 for breach of contract claim for unpaid tax protest fees, tank monitoring services and Texas Department of Agriculture fees; and (3) $44,786.00 in attorney's

---

[1] The appellate record does not contain a copy of the motion to strike.
[2] The letter references another disclosure letter dated May 20, 2014; however, this letter is not included in the appellate record.

fees.  Aspri was not awarded any damages for: (1) breach of contract claim for late fees because Hoover found the late fees were waived; and (2) breach of contract claim for liquidated damages because Hoover found no credible evidence to justify the claim.  Shubha and the Kalakondas were not awarded any recovery because Hoover found no credible evidence to support their claims for tortious interference, breach of fiduciary duty, fraud, and lost profits.  In addition, Hoover found Shubha and the Kalakondas waived their claim for breach of contract relating to a $3,000 lease assignment fee and escrow overcharges.

On October 15, 2014, Aspri filed a petition to confirm the arbitration award.  On November 7, 2014, the Kalakondas filed an answer to Aspri's petition, a motion to vacate and remand arbitration award, and a memorandum in support of their motion to vacate.[3]  On November 26, 2014, Aspri filed a response to the motion to vacate, and the Kalakondas filed an addendum to the memorandum in support of their motion to vacate.  On December 1, 2014, the trial court held a hearing on the motions and signed a final judgment granting Aspri's petition to confirm and awarding Aspri damages against Shubha and the Kalakondas for $66,235.15.[4]  The Kalakondas timely filed a notice of appeal.

## STANDARD AND SCOPE OF REVIEW

Pursuant to the lease assumption agreement, the Federal Arbitration Act (FAA) governed the arbitration and also governs our review of the award.  "Under the FAA, courts may vacate an arbitrator's decision only in very unusual circumstances."  *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013) (internal citations omitted).  When a party to an arbitration award applies

---

[3] Although the Kalakondas were represented by counsel at the arbitration hearing, they filed their motions and appeared *pro se* in the trial court.

[4] On March 26, 2015, after the judgment was entered, the Kalakondas filed a "supplemental request for transfer of records" with a series of documents attached to it.  In addition, the Kalakondas caused a supplemental clerk's record to be filed from a different trial court cause number.  "[I]t is well-settled in Texas that an appellate court's review is confined to the record in the trial court when the trial court acted."  *Perry v. Del Rio*, 66 S.W.3d 239, 259 (Tex. 2001).  Accordingly, in our review, we will consider only the documents before the trial court when it entered its judgment.

for an order to confirm the award under the FAA, the court must confirm the award unless one of the limited grounds listed in sections 10 or 11 of the FAA for modifying, vacating, or correcting the award is shown. 9 U.S.C. § 9.

The party seeking to vacate an arbitration award bears the burden of proving a ground for vacatur. *SSP Holdings Ltd. P'ship v. Lopez*, 432 S.W.3d 487, 492 (Tex. App.—San Antonio 2014, pet. denied). "In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471-72 (5th Cir. 2012) (internal citations omitted). "We review a [trial] court's confirmation of an award de novo, but the review of the underlying award is exceedingly deferential." *Id*; *see also SSP Holdings Ltd. P'ship*, 432 S.W.3d at 492. We review the entire record and indulge all reasonable presumptions in favor of the arbitration award. *SSP Holdings Ltd. P'ship*, 432 S.W.3d at 492. The trial court's decision, however, is given no deference in our de novo review. *Id*.

## REFUSAL TO HEAR EVIDENCE

In their first issue, the Kalakondas contend the trial court should have vacated the arbitration award because Hoover refused to hear evidence regarding the claims the Kalakondas asserted in their first supplemental counter petition. *See* 9 U.S.C. § 10(a)(3) (permitting arbitration award to be vacated "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy"). In essence, the Kalakondas challenge Hoover's order granting Aspri's motion to strike their first supplemental counter petition.

The record in this case establishes that the Kalakondas filed their first supplemental counter petition five months after they filed their original counter petition and only thirteen days before the date the final evidentiary hearings were convened by the arbitrator. Hoover's order establishes that a hearing was held on Aspri's motion to strike the pleading, but we have no record of that

hearing. We also have no record of the grounds Aspri asserted for striking the pleading because our record does not contain a copy of Aspri's motion.[5] "We therefore must presume the record supports the arbitrator's decision." *Henry S. Miller Brokerage, LLC v. Sanders*, No. 05-14-01618-CV, 2015 WL 4600218, at *3 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op.). In addition, "arbitrators enjoy inherent authority to police the arbitration process." *Why Nada Cruz, L.L.C. v. Ace American Ins. Co.*, 569 Fed. Appx. 339, 343 (5th Cir. 2014) (internal citations omitted). Because the Kalakondas filed their first supplemental counter petition only thirteen days before the final evidentiary hearings convened, they have not shown Hoover abused his discretion in striking the pleading. *See Henry S. Miller Brokerage, LLC*, 2015 WL 4600218, at *3 (noting "an arbitrator's ruling striking pleadings is not among the grounds permitted for vacating an arbitration award"). Finally, "[a]n arbitrator is not bound to hear all the evidence tendered by the parties as long as each party is given an adequate opportunity to present evidence and arguments." *Kosty v. South Shore Harbour Cmty. Ass'n, Inc.*, 226 S.W.3d 459, 463 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). In this case, the arbitration award states, "each party confirmed that they had a full and fair opportunity to present their respective case in chief."

The Kalakondas' first issue is overruled.

## EVIDENT PARTIALITY

In their second issue, the Kalakondas contend the trial court should have vacated the arbitration award because Hoover was partial to Aspri. As evidence of partiality, the Kalakondas rely on: (1) the inclusion of Hoover's name as the arbitrator in the lease assumption agreement; (2) Hoover's disclosures of his past mediations involving Aspri's attorneys and the timing thereof;

---

[5] We note the first supplemental counter petition raised DPTA claims, but paragraph 15.11 of the lease agreement provides, "**TENANT HEREBY WAIVES ANY AND ALL CLAIMS, REMEDIES, AND/OR CAUSES OF ACTION PURSUANT TO THE TEXAS DECEPTIVE TRADE PRACTICES ACT**."

(3) the conducting of the arbitration hearing in Houston; (4) another lease agreement between Aspri and an unrelated third party which also listed Hoover as the arbitrator; and (5) Hoover's interpretation of the lease which formed the basis of the arbitration award. In addressing this issue, we note that we have no record of the arbitration hearing because the hearing was not transcribed by a court reporter. In addition, our record contains no evidence that the Kalakondas objected to Hoover serving as the arbitrator.

Under the FAA, evident partiality of an arbitrator is a ground for vacating an arbitration award. 9 U.S.C. § 10(a)(2). Evident partiality exists "if an arbitrator fails to disclose facts, which might, to an objective observer, create a reasonable impression of the arbitrator's partiality." *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 525 (Tex. 2014). "A party seeking to vacate an arbitration award based on an arbitrator's evident partiality generally must object during the arbitration proceedings." *Dealer Computer Servs., Inc. v. Michael Motor Co.*, 485 Fed. Appx. 724, 727 (5th Cir. 2012). "Its failure to do so results in waiver of its right to object." *Id*. An exception to this general rule exists when the arbitrator fails to disclose a known conflict that is unknown by the party at the time of the arbitration hearing. *See id*. at 727-28.

In this case, the first three bases the Kalakondas rely upon to establish evident partiality were known to them at the time of the arbitration hearing; namely, they knew Hoover was listed as the arbitrator in the lease, they knew of the disclosures he made, and they knew the arbitration hearing was to occur in Houston. Because the record does not establish that the Kalakondas objected on these grounds during the arbitration hearing, they waived their right to contend Hoover demonstrated evident partiality on these bases. *Id*. With regard to their discovery that Hoover also was listed as the arbitrator in another lease to which Aspri was a party, the record contains no evidence Hoover knew he was listed in that lease as an arbitrator. A relationship or association cannot influence an arbitrator's partiality "if, in fact, he was unaware of it during the arbitration."

*Mariner Fin. Group, Inc. v. Bossley*, 79 S.W.3d 30, 33 (Tex. 2002). Because the record contains no evidence Hoover knew about the lease provision, the Kalakondas have not met their burden to establish evident partiality as a ground for vacating the arbitration award. Finally, the Kalakondas contend Hoover's interpretation of the lease demonstrated his "evident partiality." An arbitration award cannot be vacated, however, simply by showing an arbitrator committed an error in interpreting an agreement. *Oxford Health Plans LLC*, 133 S. Ct. at 2068; *BNSF R. Co. v. Alstom Transp., Inc.*, 777 F.3d 785, 789 (5th Cir.2015). Therefore, even if Hoover erred in his interpretation of the lease, such an error would not be a basis for vacating the award. *See Oxford Health Plans LLC*, 133 S. Ct. at 2068; *BNSF R. Co.*, 777 F.3d at 789.

The Kalakondas' second issue is overruled.

### EXCEEDING POWERS

In their third issue, the Kalakondas assert the trial court should have vacated the arbitration award because Hoover exceeded his powers by finding the Kalakondas individually liable. The Kalakondas contend that they were not parties to the lease; therefore, they cannot be individually liable.[6]

Under the FAA, a trial court may vacate an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). "[A]rbitration is a matter of contract." *SSP Holdings Ltd. P'ship*, 432 S.W.3d at 493. An arbitrator exceeds his powers if he acts contrary to the contractual provisions governing the arbitration proceeding. *Id*.

In this case, the record contains a guaranty signed by the Kalakondas in which they personally guarantee all of Shubha's obligations under the lease. The title of the document is

---

[6] In arguing this issue in their reply brief, the Kalakondas refer to "manifest disregard of the law" as additional support for vacating the arbitration award. The United States Supreme Court's holding in *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008), precludes the continued use of "manifest disregard of the law' as a ground for vacating an award under the FAA.

"Personal Guaranty of Lease," and immediately under the title, the following language appears: "***Subject to Binding Arbitration***." In addition, the guaranty contains the same arbitration clause that appears in the lease assumption agreement. Accordingly, the arbitrator did not exceed his powers in finding the Kalakondas individually liable.

The Kalakondas' third issue is overruled.

## VIOLATION OF ARBITRATION AWARD

In the first subpart of their fourth issue, the Kalakondas contend the trial court erred in confirming the arbitration award because Aspri violated the award before the trial court entered its judgment confirming the award. As previously noted, the trial court was required to confirm the award unless the Kalakondas established one of the grounds listed in section 10 of the FAA for vacating the award. 9 U.S.C. § 9. The Kalakondas do not cite any provision in section 10 of the FAA listing a violation of the arbitration award before confirmation as a ground for vacating the award. Accordingly, this issue is overruled.

## INTERPRETATION OF ARBITRATION AWARD

In the second subpart of their fourth issue, the Kalakondas contend the trial court erred in interpreting the arbitration award. From a legal standpoint, the Kalakondas are correct that a trial court may not interpret an arbitration award to resolve any ambiguities in its scope or application but must remand the award to the arbitrator with instructions to clarify any ambiguities. *See Brown v. Witco Corp.*, 340 F.3d 209, 216 (5th Cir. 2003). From a factual standpoint, however, the Kalakondas' contention fails because the trial court did not "interpret" the arbitration award. Instead, the trial court's judgment states:

> On this 1 day of Dec., 2014[,] Plaintiff Aspri Investment[s], LLC presented its request that this court confirm an Arbitration Award against Defendants, Shubha, LLC, Hari Prasad Kalakonda and Latha Kalakonda. This Court finds the Petition is well taken and should be granted. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Plaintiff, Aspri Investments, LLC shall have Judgment against Defendants, Shubha, LLC, Hari Prasad Kalakonda and Latha Kalakonda for $66,235.15.  It is further,

ORDERED, ADJUDGED AND DECREED that if the aforementioned amounts are not paid in full by November 10, 2014 then all such unpaid sum [sic] shall continue to bear interest at the rate of six percent (6%) per annum.

All relief not expressly granted herein is denied.

This is a Final Judgment signed this 1 day of Dec., 2014.

The arbitration award contained these same provisions ordering Shubha and the Kalakondas to pay Aspri $66,235.51 on or before thirty days from the date of the award, which was October 10, 2014, and requiring Shubha and the Kalakondas to pay interest at the rate of six percent if the sum was not paid in full by the stated date.  Therefore, the trial court's judgment did not "interpret" the arbitration award, and this issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice